IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| LYNDSI DIAZ DE LEON, and CARLA MARTINEZ, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | |
| MANUEL JIMENEZ MARTINEZ; and CNC LOGISTICS SA DE RL DE CV, | § § | Cause No. 3:20-cv-00299 |
| | § § | |
| Defendants. | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

 **COMES NOW** CNC LOGISTICS SA DE RL DE CV, a Defendant in the above-entitled and captioned cause, and submits its Notice of Removal, and for jurisdiction respectfully shows the following:

1. This party was named as a Defendant in the case styled *Lyndsi Diaz de Leon; and Carla Martinez v. Manuel Jimenez Martinez; and CNC Logistics SA de RL de CV;* Cause No. 2020-DCV3563, pending in the 243rd District Court of El Paso County, Texas (hereinafter "The State Court Action"). A true and correct copy of the docket sheet from the State Court action is attached as Exhibit A. Pursuant to 28 U.S.C § 1446(a) a true and correct copy of all process, pleadings and orders in The State Court Action are being filed with this Notice, and are attached as Exhibit B.

2. The State Court Action arises out of truck/auto accident that occurred in El Paso County, Texas on or about August 27, 2020. Plaintiff alleges that Plaintiff alleges that Defendant CNC Logistics SA De RL De CV ("Defendant CNC") is a foreign for-profit corporation doing business

in the State of Texas, which is correct. At the time the State Court action was commenced, Defendant CNC was, always has been, and currently still is a foreign corporation organized and existing under the laws of the Republic of Mexico, with its principal place of business in Ciudad Juarez, Mexico. As such, Defendant CNC was, and still is deemed to be a citizen of the Republic of Mexico. Plaintiff further alleges that Defendant Manuel Jimenez Martinez is an individual residing in Bexar County, Texas. Whether or not his residence actually is in the forum State of Texas, as alleged, is not relevant since he has not been actually served as of the time The State Court action is removed. 28 U.S.C. § 1441 (b)(2); *Reynolds v. Personal Representative of the Estate of Johnson*, 139 F. Supp. 3d 838, 840 (W.D. Tex. 2015); *see also, Doe v GEO Grp., Inc.*, 2016 U.S. Dist. LEXIS 67805, *7 (W.D. Tex. 2016). Further, his consent to removal is not necessary. 28 U.S.C. § 1446(b)(2) (requiring consent by defendants who have been "properly joined *and served*") (emphasis added).

3.      Plaintiffs allege to be residents of El Paso, Texas, and upon information and belief, are citizens of the State of Texas.

4.      The State Court Action commenced on November 4, 2020 with the filing of Plaintiff's Original Petition. Service of Plaintiff's Original Petition on Defendant CNC Logistics SA de RL de CV was effected by serving Defendant's registered agent for service, International Border Trucking Compliance Service, Inc., by hand delivery on November 6, 2020, which is the operative date for removal purposes for this Defendant.

4.      Plaintiff's Original Petition seeks monetary relief "over two hundred thousand and 00/100 dollars ($200,000.00) but not more than one million and 00/100 dollars ($1,000,000.00)." In addition, the petition asserts that the Plaintiffs suffered injuries, including physical pain, mental anguish, and medical expenses, in the past, and possibly continuing into the future.

5.      The sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.  28 U.S.C. §1446(c)(2).  However, if the state's practice does not permit demand for a specific sum, or permits the recovery of damages in excess of the amount demanded, then a Notice of Removal may assert the amount in controversy.  *Id.* §1446(c)(2)(A)(ii).  In addition, Texas District Courts have adopted a "facially apparent" standard to determine whether a case is removable when the initial pleading does not specify the amount in controversy, or in some cases even when it affirmatively specifies an amount *below* the federal jurisdictional limit.  *See Salomon v. Wells Fargo Bank, N.A.*, 2010 WL 2545593 at *3-7 (W.D. Tex., June 21, 2010); *Gutierrez v. Swift Transportation Co., Inc.*, 2011 WL 318294 at *2-4 (W.D. Tex. January 8, 2011).  A defendant may show that the amount in controversy exceeds the federal limit by either (1) demonstrating that it is "facially apparent" from a petition that the claim likely exceeds $75,000.00, or (2) by setting forth the facts, preferably in the removal petition, that support a finding of the requisite amount.  *Gutierrez* 2011 WL 318924 at *2; *see also Grant v. Chevron Philips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002).  When a complaint fails to specify the numerical value of damages, the court examines the nature of the injuries and damages alleged.  *See Carmardelli v. Wal-Mart Stores, Inc.*, 545 F. Supp. 2d, 595 (W.D. Tex. 2008).  Although decided in the context of an employment discrimination claim, the Fifth Circuit has held that an extensive list of damages, even without numerical specification, can meet the threshold for "facially apparent," which appears to be the rule followed by the Western District.  *White v. FCI USA, Inc.*, 319 F.3d, 672, 674-76 (5th Cir. 2003); *Salomon,* 2010 WL 2545593 at *5; *Gutierrez,* 2011 WL 318294 at *4-5.  That being said, a Plaintiff must make all information known at the time he files his complaint, and if it is facially apparent from the pleading that the requisite amount in controversy exists, then no post-removal affidavits, stipulations or amendments will deprive the District Court of

jurisdiction. *Gutierrez*, 2011 WL 318294 at *5. In this case, Plaintiffs have asserted an extensive list of damages, both in the past and continuing in the future. Plaintiffs have pleaded the case as being worth more than $200,000.00. As such, based on the amount of damages and injuries alleged, and the extensive complaints set forth in Plaintiffs' Original Petition, it appears to be facially apparent that the amount in controversy is in excess of $75,000.00.

6.      This Honorable Court has original jurisdiction over this case pursuant to 28 U.S.C. §1332(a)(1), since there is complete diversity of citizenship between the parties, and assuming that Plaintiff demanded the sum in his Original Petition in good faith, then at least $200,000.00 should be deemed to be the amount in controversy pursuant to 28 U.S.C. § 1446(c)(2).

7.      This Notice is timely filed pursuant to 28 U.S.C. §1446 (b), since it was filed within thirty (30) days of the receipt by Defendant CNC of Plaintiff's Original Petition from which it could first be ascertained that the case was removable, and less than one (1) year after commencement of The State Court Action.

8.      Venue of this removed action is proper in this Honorable Court pursuant to 28 U.S.C. §1441(a) as the District and Division where The State Court Action is pending.

9.      Pursuant to 28 U.S.C. §1446(d), Defendant will promptly give all parties written notification of the filing of this Notice, and will also promptly file a copy with the District Clerk of El Paso County, Texas where The State Court Action is currently pending.

        **WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that pursuant to the above-referenced authorities that The State Court Action be removed, that this Honorable Court exercise its original jurisdiction over The State Court Action, and that Defendant be granted such other and further relief, general or special, legal or equitable, to which Defendant may be justly entitled.

00013463/00193/FHUT/1564628

Respectfully submitted,

**MOUNCE, GREEN, MYERS
SAFI, PAXSON & GALATZAN, P.C.**
P.O. Drawer 1977
El Paso, Texas  79999-1977
Phone:  (915) 532-2000
Fax:    (915) 541-1597
E-Mail:  vereen@mgmsg.com
E-Mail:  hutterer@mgmsg.com

By: _____
    **Darryl S. Vereen**
    State Bar No. 00785148
    **Frederick C. Hutterer III**
    State Bar No. 24100492

Attorneys for Defendant

## CERTIFICATE OF SERVICE

    I, **Frederick C. Hutterer III**, hereby certify that on this 30th day of November, 2020, I served a copy of the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notice of such filing to the following attorneys of record:  Steven T. Nguyen, Esq., snguyen-svc@thomasjhenrylaw.com, Thomas J. Henry, P.O. Box 696025, San Antonio, Texas 78269.

_____
    **Frederick C. Hutterer, III**

00013463/00193/FHUT/1564628

# EXHIBIT A

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back          Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 2020DCV3563

| | | | |
|---|---|---|---|
| **LYNDSI DIAZ DE LEON AND CARLA MARTINEZ VS. MANUEL JIMENEZ MARTINEZ AND CNC LOGISTRICS S DE RL DE CV** | § <br> § <br> § <br> § <br> § | Case Type: | **Injury or Damage - Motor Vehicle** |
| | | Date Filed: | **11/04/2020** |
| | | Location: | **243rd District Court** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Defendant** | **CNC LOGISTRICS S DE RL DE CV** | **DARRYL S VEREEN** <br> *Retained* <br> 915-532-2000(W) |
| **Defendant** | **Jimenez Martinez, Manuel** | |
| **Plaintiff** | **Diaz De Leon, Lyndsi** | **STEVEN TRUONG NGUYEN** <br> *Retained* <br> 210-656-1000(W) |
| **Plaintiff** | **Martinez, Carla** | **STEVEN TRUONG NGUYEN** <br> *Retained* <br> 210-656-1000(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 11/04/2020 | **Original Petition (OCA)      Doc ID# 1** | | |
| 11/04/2020 | **E-File Event Original Filing** | | |
| 11/05/2020 | **Request      Doc ID# 2** | | |
| 11/05/2020 | **Citation** | | |
| | Jimenez Martinez, Manuel | Unserved | |
| | CNC LOGISTRICS S DE RL DE CV | Served | 11/06/2020 |
| | | Response Received | 11/24/2020 |
| | | Returned | 11/17/2020 |
| 11/24/2020 | **Answer      Doc ID# 5** | | |

# EXHIBIT B

CAUSE NO. _____

| | | |
|---|---|---|
| LYNDSI DIAZ DE LEON AND CARLA MARTINEZ, *PLAINTIFFS* | § § § § | IN THE DISTRICT COURT |
| VS. | § § | ___ JUDICIAL DISTRICT |
| MANUEL JIMENEZ MARTINEZ and CNC LOGISTRICS S DE RL DE CV, *DEFENDANTS* | § § § § | EL PASO COUNTY, TEXAS |

---

**PLAINTIFF'S ORIGINAL PETITION,
TRCP 193.7 NOTICE OF SELF-AUTHENTICATION,
TRCP 194.2 REQUESTS FOR DISCLOSURE AND ATTACHED DISCOVERY**

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **LYNDSI DIAZ DE LEON AND CARLA MARTINEZ**, hereinafter referred to by name or as Plaintiffs, and complains of **MANUEL JIMENEZ MARTINEZ and CNC LOGISTRICS S DE RL DE CV** hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

I.
**DISCOVERY CONTROL PLAN**

1.    Plaintiffs intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

II.
**PARTIES**

2.    Plaintiffs **LYNDSI DIAZ DE LEON AND CARLA MARTINEZ** are individuals residing in El Paso County, Texas.

3.    Defendant **MANUEL JIMENEZ MARTINEZ** is an individual residing in BEXAR County, Texas, who may be served at 15303 Huebner Rd., San Antonio, TX 78248.

4.    Defendant **CNC LOGISTRICS S DE RL DE CV** is a Foreign for-Profit Corporation, doing business in Texas. Defendant may be served by and through its registered agent, International Border Trucking Compliance Service Inc., at 1519 Wyoming, El Paso, TX 79902.

## III.
## JURISDICTION & VENUE

5.    Venue is proper in El Paso County in this cause pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE and 15.036; Texas Bus. & Com. Code § 17.56 because it is the county in which the cause of action occurred; and pursuant to Texas Insurance Code Article 5.06-1(8).

6.    Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00)** but not more than **ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiffs LYNDSI DIAZ DE LEON AND CARLA MARTINEZ are justly entitled at the time of filing this suit, which, with the passage of time, may change.

## IV.
## FACTS

7.    On or about August 27, 2020, Plaintiff **LYNDSI DIAZ DE LEON** was operating a 2013 Nissan Rogue in a lawful manner, traveling on Block 2000 of Paisano.

Defendant **MANUEL JIMENEZ MARTINEZ** was also traveling on Block 2000 of Paisano, and suddenly and without warning, Defendant **MANUEL JIMENEZ MARTINEZ** made an illegal/improper left turn and impacted Plaintiffs LYNDSI DIAZ DE LEON AND CARLA MARTINEZ vehicle. Defendant **MANUEL JIMENEZ MARTINEZ** was operating a 2019 Freightliner M2 that was owned by Defendant **CNC LOGISTRICS S DE RL DE CV** As a result of the collision, Plaintiff sustained serious bodily injuries.

**V.**
**CAUSES OF ACTION – DEFENDANT MANUEL JIMENEZ MARTINEZ**

**A.    NEGLIGENCE**

8.    Defendant **MANUEL JIMENEZ MARTINEZ** had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

9.    The Defendant **MANUEL JIMENEZ MARTINEZ** operated the vehicle he was driving in a negligent manner because she violated the duty which she owed Plaintiff to exercise ordinary care in the operation of the motor vehicle in one or more of the following respects:

    a.    in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

    b.    in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

  c. in failing to turn the vehicle in an effort to avoid the collision in question;

  d. in failing to blow horn warning of imminent danger; and

  e. in failing to act as a reasonably prudent driver

10. Plaintiff's injuries were proximately caused by Defendant **MANUEL JIMENEZ MARTINEZ's** negligence, careless, and reckless disregard of said duty.

11. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural lives, and the damage and other losses to Plaintiff.

**B.** *NEGLIGENCE PER SE*

*12.* Defendant **MANUEL JIMENEZ MARTINEZ** was negligent per se in failing to exercise the mandatory standard of care in violation of V.T.C.A. TRANSPORTATION CODE, §545.104, §545.060, and §545.101  pursuant to the Negligence Per Se Doctrine, which mandates that:

  **§ 545.104. Signaling Turns; Use of Turn Signals**

  (a) An operator shall use the signal authorized by Section 545.106 to indicate an intention to turn, change lanes, or start from a parked position.

(b) An operator intending to turn a vehicle right or left shall signal continuously for not less than the last 100 feet of movement of the vehicle before the turn.

(c) An operator may not light the signals on only one side of the vehicle on a parked or disabled vehicle or use the signals as a courtesy or "do pass" signal to the operator of another vehicle approaching from the rear.

### § 545.060. Driving on Roadway Landed for Traffic

(a) An operator on a roadway divided into two or more clearly marked lanes for traffic:

> (1) shall drive as nearly as practical entirely within a single lane; and

> (2) may not move from the lane unless that movement can be made safely.

(b) If a roadway is divided into three lanes and provides for two-way movement of traffic, an operator on the roadway may not drive in the center lane except:

> (1) if passing another vehicle and the center lane is clear of traffic within a safe distance;

> (2) in preparing to make a left turn; or

> (3) where the center lane is designated by an official traffic-control device for movement in the direction in which the operator is moving.

(c) Without regard to the center of the roadway, an official traffic-control device may be erected directing slow-moving traffic to use a designated lane or designating lanes to be used by traffic moving in a particular direction.

(d) Official traffic-control devices prohibiting the changing of lanes on sections of roadway may be installed.

### § 545.101 Turning at Intersection

(a)To make a right turn at an intersection, an operator shall make both the approach and the turn as closely as practicable to the right-hand curb or edge of the roadway.

(b)To make a left turn at an intersection, an operator shall:

> (1) approach the intersection in the extreme left-hand lane lawfully available to a vehicle moving in the direction of the vehicle; and

> (2) after entering the intersection, turn left, leaving the intersection so as to arrive in a lane lawfully available to traffic moving in the direction of the vehicle on the roadway being entered.

(c) On a street or roadway designated for two-way traffic, the operator turning left shall, to the extent practicable, turn in the portion of the intersection to the left of the center of the intersection.

(d)To turn left, an operator who is approaching an intersection having a roadway designated for one-way traffic and for which signs are posted from a roadway designated for one-way traffic and for which signs are posted

shall make the turn as closely as practicable to the left-hand curb or edge of the roadway.

(e)The Texas Transportation Commission or a local authority, with respect to a highway in its jurisdiction, may:

(1) authorize the placement of an official traffic-control device in or adjacent to an intersection; and

(2) require a course different from that specified in this section for movement by vehicles turning at an intersection.

### C.   GROSS NEGLIGENCE

13.    The above-referenced acts and/or omissions by Defendant **MANUEL JIMENEZ MARTINEZ** constitute gross negligence and/or malice as those terms are defined in SECTION 41.001(7)(A) AND 41.001(11) OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant **MANUEL JIMENEZ MARTINEZ** was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by the Plaintiffs.

14.    Defendant **MANUEL JIMENEZ MARTINEZ's** acts or omissions described above, when viewed from the standpoint of Defendant **MANUEL JIMENEZ**

**MARTINEZ** at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

15.     Defendant **MANUEL JIMENEZ MARTINEZ** had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

16.     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by the Plaintiff.

## VI.
## CAUSE OF ACTIONS AGAINST DEFENDANT CNC LOGISTRICS S DE RL DE CV

**A.    NEGLIGENT ENTRUSTMENT**

17.     Defendant **CNC LOGISTRICS S DE RL DE CV** was independently negligent by negligently entrusting their vehicle to Defendant **MANUEL JIMENEZ MARTINEZ** when they knew or should have known that **MANUEL JIMENEZ MARTINEZ** was an unlicensed, incompetent, or reckless driver.

18.     Furthermore, Defendant **MANUEL JIMENEZ MARTINEZ** was liable for causing the collision made the basis of this lawsuit and Defendant **MANUEL JIMENEZ MARTINEZ's** negligence was the proximate cause of Plaintiffs LYNDSI DIAZ DE LEON AND CARLA MARTINEZ's injuries.

**B.    GROSS NEGLIGENCE**

19.     The above-referenced acts and/or omissions by Defendant **CNC LOGISTRICS S DE RL DE CV** constitute gross negligence and/or malice as those terms are defined in SECTION 41.001(7)(A) AND 41.001(11) OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant **CNC LOGISTRICS S DE RL DE CV** was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by the Plaintiff.

20.     Defendant **CNC LOGISTRICS S DE RL DE CV's** acts or omissions described above, when viewed from the standpoint of Defendant **CNC LOGISTRICS S DE RL DE CV** at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

21.     Defendant **CNC LOGISTRICS S DE RL DE CV** had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

22.     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by the Plaintiff.

## VII.
## DAMAGES

23.    As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiffs LYNDSI DIAZ DE LEON AND CARLA MARTINEZ suffered bodily injuries to their bodies as reflected in the medical records from the health care providers that have treated the injuries since the collision.  The injuries may be permanent in nature. The injuries have had an effect on the Plaintiffs' health and well-being.   As a further result of the nature and consequences of their injuries, the Plaintiffs have suffered and may continue to suffer into the future, physical pain, and mental anguish.

24.    As a further result of all of the above, Plaintiffs have incurred expenses for their medical care and attention in the past and may incur medical expenses in the future to treat his injuries.

25.    Plaintiffs have also suffered losses and damages to their personal property, including but not limited to damage to their vehicle for which they have never been fully compensated.

26.    By reason of all of the above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of this Court for which they now sue.

## VIII.
## INTEREST

27.    Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

## IX.
## DEMAND FOR JURY TRIAL

28.   In accordance with RULE 216 OF THE TEXAS RULES OF CIVIL PROCEDURE, Plaintiff hereby make an application for a jury trial and request that this cause be set on the Court's Jury Docket. Plaintiff acknowledges payment this date of the required jury fee

## X.
## REQUEST FOR DISCLOSURE

29.   Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant are requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of RULE 194.2.

## XI.
## NOTICE OF SELF-AUTHENTICATION

30.   Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XII.
## ATTACHED DISCOVERY

31.   Attached to Plaintiff's Original Petition, are the following written discovery requests to which Defendant are requested to answer/respond within fifty (50) days of service hereof:

   a.   Plaintiff's First Set of Interrogatories to MANUEL JIMENEZ MARTINEZ
   b.   Plaintiff's First Requests for Production to MANUEL JIMENEZ MARTINEZ
   c.   Plaintiff's First Requests for Admissions to MANUEL JIMENEZ MARTINEZ
   d.   Plaintiff's First Set of Interrogatories to CNC LOGISTRICS S DE RL

DE CV
- e.     Plaintiff's First Requests for Production to CNC LOGISTRICS S DE RL DE CV
- f.     Plaintiff's First Requests for Admissions to CNC LOGISTRICS S DE RL DE CV

## XIII.
## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a. This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

## XIV.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendant be cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against the Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1.     Pain and suffering in the past;
2.     Pain and suffering in the future;
3.     Mental anguish in the past;
4.     Mental anguish in the future;
5.     Past medical expenses;
6.     Future medical expenses;
7.     Physical impairment in the past;
8.     Physical impairment in the future;
9.     Physical disfigurement in the past;
10.    Physical disfigurement in the future;
11.    Lost wages in the past;
12.    Loss of future wage-earning capacity;

13.    Property damage;
14.    Loss of use;
15.    Pre-judgment interest;
16.    Post-judgment interest; and
17.    Exemplary damages;

**Respectfully submitted,**

**Thomas J. Henry Injury Attorneys**
PO BOX 696025
San Antonio, Texas 78269
Tel.  (210) 656-1000
Fax.  (361) 985-0601

_____
 Steven T. Nguyen
 State Bar No.: 24096353
 *E-mail: snguyen-svc@thomasjhenrylaw.com
**Attorney for Plaintiff**
 *  Service to this e-mail address only

CAUSE NO. _____

| | | |
|---|---|---|
| LYNDSI DIAZ DE LEON AND CARLA MARTINEZ, *PLAINTIFFS* | § § § § | IN THE DISTRICT COURT |
| VS. | § § § | ___ JUDICIAL DISTRICT |
| MANUEL JIMENEZ MARTINEZ and CNC LOGISTRICS S DE RL DE CV, *DEFENDANTS* | § § § § | EL PASO COUNTY, TEXAS |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT MANUEL JIMENEZ MARTINEZ

TO:   DEFENDANT MANUEL JIMENEZ MARTINEZ

These Interrogatories are filed and served pursuant to Rule 197 of the TEXAS RULES OF CIVIL PROCEDURE.  Plaintiff requests that Defendant answer separately and fully in writing and under oath each of the following interrogatories within fifty (50) days after service of this request.

Respectfully submitted,

**Thomas J. Henry Injury Attorneys**
PO BOX 696025
San Antonio, Texas 78269
Tel.  (210) 656-1000
Fax.  (361) 985-0601

_____
Steven T. Nguyen
State Bar No.: 24096353
*E-mail: snguyen-svc@thomasjhenrylaw.com
**Attorney for Plaintiff**
 *  Service to this e-mail address only

## DEFINITIONS AND INSTRUCTIONS

1.  As used herein, the terms "you" and "your" shall refer to this Defendant, his attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

2.  As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.  In accordance with TEX. R. CIV. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.  "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.    "Identify" or "Identification":

    a.    When used in reference to a person, "identify" or "identification" means to state his or his full name, present or last known residence address, present or last known business address and telephone number.

    b.    When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

    c.    When used in reference to a document, "identify" or "identification" shall include statement of the following:

        i.    the title, heading, or caption, if any, of such document;

        ii.    the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary, to an understanding of the document and evaluation of any claim of protection from discovery;

        iii.    the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

        iv.    the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

        v.    the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

        vi.    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

        vii.    the physical location of the document and the name of its custodian or custodians.

    "**The incident**" or "**the accident**" or "**occasion in question**" or "**occurrence in question**" or "**incident in question**", as used herein, refers to the occurrence made the basis of this lawsuit.

6.    "Settlement": as used herein, means:

    a.    An oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of

liability or judgment, or a promise by or between Plaintiff and any Defendant or between any Defendant herein whereby Plaintiff or Defendant have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

b.    Any resolution of the differences between the Plaintiff and Defendant by loan to the Plaintiff or any other device which is repayable in whole or in part out of any judgment the Plaintiff may recover against Defendant.

c.    The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.    "The wreck" as used herein refers to the wreck made the basis of this lawsuit.

Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time beginning with the date of the wreck made the basis of this lawsuit up to and including the present date.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from **August 27, 2020**, through the date of production of responses requested herein.

## <u>FIRST SET OF WRITTEN INTERROGATORIES</u>

**<u>INTERROGATORY 1:</u>** State your full legal name, address, cell phone number(s), driver's license number, social security number (last four digits only), and date of birth. If anyone is assisting you providing any information in answering these interrogatories, identify such persons and state which interrogatories each person assisted you in answering.

**<u>ANSWER:</u>**


**<u>INTERROGATORY 2:</u>** If you contend that you are not liable in the name or in the legal capacity in which you have been sued, or that there is a defect of parties, or a defect in the names of any party to this suit, identify all correct parties known to you and state briefly the facts that support your contention.

**<u>ANSWER:</u>**


**<u>INTERROGATORY 3:</u>** State each act and/or omission on the part of the Plaintiff which caused or contributed to the collision made the basis of this lawsuit. For each such act and/or omission, state whether you witnessed such act and/or omission personally, or whether you heard or learned of such act and/or omission from another person or source. If you heard or learned of such act and/or omission from another person or source, identify each person or source from whom you heard or learned of such information.


**<u>ANSWER:</u>**


**<u>INTERROGATORY 4:</u>** State each factor which you believe contributed to this collision including, but not limited to, acts or omissions of negligence of another person or entity or any potential Third-Party Defendant; sudden emergency(ies); factors that made this accident an unavoidable accident; mechanical defect(s); and Act(s) of God. For each factor you identify, state how each such factor contributed to this collision.

**<u>ANSWER:</u>**


**<u>INTERROGATORY 5:</u>** State all pre-existing physical or medical condition(s) of each Plaintiff which you now contend and/or will contend at trial caused or contributed to the Plaintiff's damages.

**<u>ANSWER:</u>**

**INTERROGATORY 6:** Identify each traffic citation or traffic ticket you have received in the past five (5) years. As used in this Interrogatory, "Identify" means to state the date of each citation/ticket, the location of the citation/ticket (city and state), the reason for the citation/ticket, and the disposition of the citation/ticket.

**ANSWER:**

**INTERROGATORY 7:**  Identify each motor vehicle collision in which you have been involved as a driver. Excluding the incident made the basis of this suit. As used in this Interrogatory "Identify" means to state the date of the collision, the location (street, city, and state), and the identity of the other driver involved, and, if fault was determined, identify who was found at fault.

**ANSWER:**

**INTERROGATORY 8:** If any driver's license you have ever held has ever been suspended or revoked, or if any action has ever been initiated to suspend or revoke any driver's license ever held by you, identify for each such license the agency that initiated the suspension proceeding and/or revocation proceeding, and the reason(s) for each suspension and/or revocation.

**ANSWER:**

 **INTERROGATORY 9:**  If you have ever been arrested for any offense other than minor traffic violations, state the date of each arrest, the name of each arresting agency, the city and state, the offense charged, the Court, the type of please entered, and the disposition of each arrest.

**ANSWER:**

**INTERROGATORY 10:**  Identify (as defined in the Definitions herein) each of your employers for the last ten (10) years, including dates of employment, your job title, your job duties, how you were paid (commission, hourly, salary), and the reason each employment ended.

**ANSWER:**

**INTERROGATORY 11:** Describe each location where you had been the day of this collision in chronological order leading up to this collision, providing the times (exact, if known, or otherwise the approximate times) you were at each location, what you were doing at each location, where you were going at the time of the collision, the purpose of that particular trip, and the time you were scheduled to arrive at the destination where

you were headed at the time the collision occurred. Include in your description the speed or estimated speed that your vehicle was traveling at the time of the incident.

**ANSWER:**

**INTERROGATORY 12:** If you have received a citation or ticket as a result of this collision, state the date, place and manner (i.e., type of plea, bail, forfeit, trial, etc.) in which you resolved the citation or ticket

**ANSWER:**

**INTERROGATORY 13:** State whether or not you were acting within the course and scope of any agency, employment (including self-employment), or service at the time of this collision, and described the relationship of the persons involved (i.e., employer/employee).

**ANSWER:**

**INTERROGATORY 14:** State in detail what intoxication beverages, medications, or other controlled substances, if any, you consumed in the forty-eight (48) hour-period prior to the collision.

**ANSWER:**

**INTERROGATORY 15:** Please provide the name(s) and address(es) of the cellular and/or wireless telephone company and the telephone number of all cellular and/or wireless telephones and other electronic communication devices that were in your vehicle and in your possession at the time of the collision. If you had a passenger, identify that passenger, and include the same information for any cellular devices and/or wireless telephones and other electronic communication devices that were in his possession in your vehicle at the time of the collision.

**ANSWER:**

**INTERROGATORY 16:** Please identify all illnesses and physical conditions (including visual conditions) you have for which you regularly take prescription medication, identifying the prescription medication in question and frequency and amount of dosage.

**ANSWER:**

**INTERROGATORY 17:** Describe what injuries, if any, you received in the wreck and list any treating health care providers for such injuries.

**ANSWER:**

**INTERROGATORY 18:** Please describe any action (reprimand, suspension, termination, etc.) taken against you by your employer because of the incident made the basis of this lawsuit, indicate whether it was made orally and/or in writing or both, and in your description, identify all persons with knowledge of such action.

**ANSWER:**

**INTERROGATORY 19:** State the names of all insurance companies who had primary or excess (umbrella) insurance coverage in effect on the date(s) of the incident(s) made the basis of the Plaintiff's claims against you and the policy number(s), amount(s) or limit(s) of coverage, which apply to such incident(s). Include in your answer whether any coverage limit is an aggregate limit, whether such limit has been reduced by any other claim, and if so, the amount of such reduction.

**ANSWER:**

**INTERROGATORY 20:** Please described the identity of, and the relationship between, the owner of the vehicle you were driving on the day of the incident, your employer(s), and any other entity or individual who had any ownership or other interest in the vehicle equipment, load, or persons involved in the collision made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY 21:** Identify all persons with whom you spoke at the scene of the collision, including but not limited to police officers, medical personnel, the Plaintiff(s), and any witnesses. If you spoke to any Plaintiff, state briefly what you told each Plaintiff, and state briefly what you were told by each Plaintiff.

**ANSWER:**

## VERIFICATION

**THE STATE OF** _____        §
                                         §
**COUNTY OF** _____         §


      **BEFORE ME**, the undersigned authority, a Notary Public, on this day personally appeared _____, who being by me duly sworn under oath deposed and said that he/she is duly qualified and authorized in all respects to make this Affidavit; that he/she has read the above and foregoing answers**,** and that every statement contained in this Discovery is within his knowledge and completely true and correct.


                                                      _____
                                                      **Signature**


                                                      _____
                                                      **Print**


**THE STATE OF** _____        §
                                         §
**COUNTY OF** _____         §

      **BEFORE ME**, the undersigned authority, on this day personally _____, who being first duly sworn, stated that each and all of the foregoing Answers to Interrogatories are true and correct.

      **SUBSCRIBED AND SWORN TO on the** _____ **day of** _____, **2018.**


_____        **Notary Public, State of Texas**
My Commission Expires: _____

CAUSE NO. _____

| | | |
|---|---|---|
| LYNDSI DIAZ DE LEON AND CARLA MARTINEZ, | § | IN THE DISTRICT COURT |
| *PLAINTIFFS* | § | |
| | § | |
| VS. | § | ___ JUDICIAL DISTRICT |
| | § | |
| MANUEL JIMENEZ MARTINEZ and | § | |
| CNC LOGISTRICS S DE RL DE CV, | § | |
| *DEFENDANTS* | § | EL PASO COUNTY, TEXAS |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT MANUEL JIMENEZ MARTINEZ

**TO:   DEFENDANT MANUEL JIMENEZ MARTINEZ**

Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff requests that the Defendant produce copies of, or permit Plaintiff to inspect, sample, test, photograph, and/or copy the designated documents, records, or tangible things which are in your possession, custody, or control, or are available to you, or are in the possession, custody, or control of your agents, representatives or attorneys.

Plaintiff designates the manner of discovery to be by Defendant providing Plaintiff's attorney with a photocopy or duplicate of each of the designated documents, records, or tangible things in Defendant's possession, custody, or control, or by making the designated items available for inspection, sampling, testing, photographing and/or copying at the office of Plaintiff's attorney.  If the requested documents, records, or tangible things cannot readily be copied, produced, and delivered to Plaintiff's attorneys, or made available for inspection, sampling, testing, photographing, and/or copying at the

office of Plaintiff's attorney, Plaintiff is agreeable to conducting discovery in the office of Defendant's counsel or Defendant's premises or obtaining delivery there from.

Plaintiff designates fifty (50) days after these requests for discovery and inspection.  Pursuant to Rule 193.5 Texas Rules of Civil Procedure, these Requests for Production and Discovery are continuing in nature and require supplementation as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial.

**Respectfully submitted,**

**Thomas J. Henry Injury Attorneys**
PO BOX 696025
San Antonio, Texas 78269
Tel.  (210) 656-1000
Fax.  (361) 985-0601

_____
Steven T. Nguyen
State Bar No.: 24096353
*E-mail: snguyen-svc@thomasjhenrylaw.com
**Attorney for Plaintiff**
 *  Service to this e-mail address only

**DEFINITIONS AND INSTRUCTIONS**

1.  As used herein, the terms "you" and "your" shall refer to this Defendant, his attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

2.  As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.  In accordance with TEX. R. CIV. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.    "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.    "Identify" or "Identification":

a.    When used in reference to a person, "identify" or "identification" means to state his or his full name, present or last known residence address, present or last known business address and telephone number.

b.    When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

c.    When used in reference to a document, "identify" or "identification" shall include statement of the following:

i.    the title, heading, or caption, if any, of such document;

ii.    the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary, to an understanding of the document and evaluation of any claim of protection from discovery;

iii.    the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

iv.    the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

v.    the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

vi.    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

vii.    the physical location of the document and the name of its custodian or custodians.

"**The incident**" or "**the accident**" or "**occasion in question**" or "**occurrence in question**" or "**incident in question**", as used herein, refers to the occurrence made the basis of this lawsuit.

6.   "Settlement": as used herein, means:

    a.      An oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any Defendant or between any Defendant herein whereby Plaintiff or Defendant have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

    b.      Any resolution of the differences between the Plaintiff and Defendant by loan to the Plaintiff or any other device which is repayable in whole or in part out of any judgment the Plaintiff may recover against Defendant.

    c.      The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.   "The wreck" as used herein refers to the wreck made the basis of this lawsuit.

Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time beginning with the date of the wreck made the basis of this lawsuit up to and including the present date.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from **August 27, 2020**, through the date of production of responses requested herein.

## FIRST REQUEST FOR PRODUCTION

1. All photographs, video tapes, movies, and other graphic representations of the scene of the collision.

2. All photographs, video tapes, movies, and other graphic representations of the vehicles involved in the incident that forms the basis of this suit.

3. All photographs, video tapes, movies, and other graphic representations of the Plaintiff.

4. All investigative reports relating to the incident in question, including all documents, memoranda, photographs, videotapes, movies, statements, reports, drawings, communications, and tangible things attached to such reports, or referred to therein.

5. A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the incident including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding insurance coverage. This request also includes documents that show the diminution, if any, in any policy limits based on the payment by your carrier(s) of any other claims related to this same occurrence in question.

6. All documents, records, notations, or memoranda relating to the repair and maintenance of the vehicle involved in the incident which forms the basis of this suit for the period of one (1) year immediately preceding the incident.

7. All documents and records relating to the damage and/or repair to any of the vehicles involved in the collision including, but not limited to, photographs, repair estimates, supplemental estimates, and salvage reports.

8. All reports, publications, regulations, or other documents evidencing any safety standards, laws, regulations, ordinances, or industry standards you contend or will contend at trial were violated by the Plaintiff(s).

9. All published documents, treatises, periodicals, pamphlets on the subject of medicine, accident reconstruction, and any other area of scientific study that you claim to be a reliable authority which may be used by you at the time of trial.

10. All documents, reports, publications, and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

11. Any and all trial exhibits.

12. Any and all demonstrative evidence you intend to utilize at trial.

13. Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

14. A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about the Plaintiff(s) and/or concerning the medical or physical condition of the Plaintiff(s) which are in the possession or constructive possession, custody, or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

15. A copy of all documents relating to any criminal records pertaining to Plaintiff(s) or any witnesses.

16. A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about your employee driver arising from this incident.

17. All medical records or other documents which you contend show pre-existing medical condition that you contend is relevant to the Plaintiff's claim.

18. All documents, tangible things, and electronic or magnetic data obtained by depositions on written questions in this cause.

19. Complete driver's qualification file pertaining to MANUEL JIMENEZ MARTINEZ including but not limited to the following:

    a. check sheet for driver's forms;

    b. application for employment;

    c. employment eligibility verification;

    d. certificate of compliance;

    e. request for check of driving record;

    f. request for information from previous employer;

    g. record and certificate of road test;

    h.  written examination and certificate;

    i.  answers to written examination;

    j.  driver's physical examination certificate with the expiration date;

    k.  controlled substance test results;

    l.  driver's data sheet;

    m. record of violations;

    n.  annual review of driving record

    o.  notice of disqualification; and

    p.  pocket cards.

20. A clear, color copy of MANUEL JIMENEZ MARTINEZ' driver license.

21. All driver logbooks required pursuant to 49 C.F.R. 395 for the one year preceding the date of the incident for MANUEL JIMENEZ MARTINEZ.

22. All company policies and guidelines (either in written form or in an audio/video format) relating to training and safety and driver attendance records pertaining to MANUEL JIMENEZ MARTINEZ.

23. All pay and time records pertaining to MANUEL JIMENEZ MARTINEZ for the 6 months prior to and including the date of the incident that forms the basis for this action.

24. Any and all worker's compensation records pertaining to MANUEL JIMENEZ MARTINEZ.

25. Any and all results from drug and/or alcohol testing pertaining to MANUEL JIMENEZ MARTINEZ.

26. Entire personnel file of MANUEL JIMENEZ MARTINEZ.

27. All documents evidencing ownership of the vehicle involved in the incident in question.

28. All documents regarding any regulatory agency, including OSHA, USDOT, TXDOT, and NRCC, inspections, investigations, citations, warnings or other reports regarding Defendants' motor carrier operations or vehicles for two years preceding the date of the incident that forms the basis of this suit through the present.

29. Please produce any all written reports regarding the incident which forms the basis of this suit including any and all e-mails and text messages concerning this incident.

30. Any and all Pre-trip, Post trip, Log Book, or Trip Ticket records completed by MANUEL JIMENEZ MARTINEZ.

31. Any and all Pre-trip, Post trip, Log Book, or Trip Ticket records involving the vehicle which was involved in the incident which forms the basis of this lawsuit.

32. Any and all documents referencing or relating to safety meetings held at Defendant's facilities including minutes and logs of attendance for two years preceding the date of the incident that forms the basis of this suit through the present.

33. All trip and/or operational documents pertaining to the movement of cargo by MANUEL JIMENEZ MARTINEZ or his tractor (or truck), in existence but at least for the one-month period prior to and including the date of the incident that forms the basis of this suit. The term "trip" or "operational documents" as used herein is defined below in definitions "(1) through (20)" and is applicable to each trip occurring during the time period requested herein and includes hard copies and accessible computer printouts. The term "trip" as used herein, is defined as the transportation of one load of cargo (regardless of size and type) from origin(s) to final destination(s):

    a. Drivers trip envelopes and/or trip reports, daily loads or work reports, fuel purchased reports, or any reports made by a driver to the defendants inclusive of daily, weekly, or monthly cargo transported, time or distance work records.

    b. Receipts for any trip expenses or purchases regardless of type, such as fuel, food, lodging, equipment maintenance or repair, special or oversize permits, bridge or toll road, loading or unloading, or other receipts.

    c. Cargo pickup or delivery orders prepared by any and all of the Defendants brokers, involved shippers or receivers, motor carriers, driver, or other persons or organizations.

d.  All bills of lading and/or manifest prepared or issued by any shippers, brokers, transporting motor carriers, receivers of cargo or defendants. This also includes

e.  All equipment or cargo loading, unloading, or detention records along with any other documents showing pickup and delivery dates and times or detention of equipment or cargo.

f.  All freight bills, inclusive of cargo pickup and delivery copies.

g.  All written instructions, orders, or advice given to drivers in reference to cargo transported, routes to travel, pickup or delivery times by defendants' shippers, receivers, or other persons or organizations.

h.  Dispatch records indicating assignment of equipment and drivers to cargo pickup and delivery, dates and times of delivery, and any other related factors.

i.  Any driver call-in records or other written records indicating communications between company and driver in reference to the movement of cargo, or the day to day operations of the equipment and/or driver.

j.  All accounting records, cargo transportation bills and subsequent payments or other records indicating billings for transportation or subsequent payment for the transportation of cargo. Copies of both the front and back of canceled checks are requested.

k.  All initial or rough driver's trip check in settlement sheets along with all final accounting documents, and computer printouts showing expenses and payments to a driver in reference to a trip or trips.

l.  Any and all motor carrier or driver created fuel, mileage, and purchase reports or records.

m.  Copies of original Com Check, Cash Control, or similar service records and copies of front and back of all checks received or disbursed in reference to the transportation performed regardless of disbursement reason, inclusive of all checks to drivers.

n.  Any and all computer downloads and/or printouts provided to Defendants by others, including but not limited to Com Check or Cash Control Corp., Trendar or QualComm listed by driver name of number or truck number, showing the driver and tractor location, time, date, and mileage for stops, movement, or purchases.

o. Any and all special or oversize permits and related documents/requests issues to or by any state agency to transport cargo over his territories regardless of the form of the permit.

p. Any and all records generated by a device on board the driver's vehicle such as a tachograph, electronic control module (ECM), or other device that records the vehicle speed, distance, or movements.

q. Any and all other "trip related documents" created by the defendant or any other person or organization but not defined herein in the possession of any of the Defendants.

r. Clearly readable copies of all daily (or other periodic) fuel invoices from such companies as Com Data, Com Check, FCIS, or CCIS.

s. Clearly readable copies of any and all other computer generated or downloaded data from any satellite location and communication systems or sources such as those known as "QualComm" or Q'Trac's, depicting the location of the tractor/s operated by Driver and all satellite communication between driver and Defendants.

t. Any and all other "supporting documents" as that term is used in the FMCSR, 49 CFR 395.8(K)(1) and defined in Part 395.8 of the US DOT Interpretations.

34. Any and all agreements, contracts, or written arrangements in effect on the date of the incident that forms the basis of this action with MANUEL JIMENEZ MARTINEZ including but not limited to, any contracts to perform transportation services.

35. Any and all lease or rental agreements, involving the tractor or trailer in effect on the date of the incident that forms the basis of this action.

36. All driver's daily logs and 70-hour summaries created by MANUEL JIMENEZ MARTINEZ now in existence, but at least for the period for one month preceding the date of the incident that forms the basis of this suit through present in accordance with FMCSR Part 395 in the possession of any of the defendants. As used herein the term "hours of service records" means any and all documents created in reference to the FMCSR Part 395 including, but not limited to, drivers' daily logs, time cards and records, administrative log audits, 70-hour log audits, yearly and monthly summary sheets, and reports of violations. This includes all reprimands or warnings sent to Driver for violations of the FMCSR Part 395, Drivers Hours of Service Regulations.

37. Any traffic citations, terminal or road equipment and driver compliance inspections, warnings or citations issued to MANUEL JIMENEZ MARTINEZ, by any law enforcement official or agency.

38. Your accident registers and records maintained in accordance with FMCSR Part 390.15 for the three years preceding and including the incident made the basis of the suit. This includes, but is not limited to, any reports, correspondence or documentation sent to or received from any persons or organizations and reports made by MANUEL JIMENEZ MARTINEZ, or any other person in reference to the incident that forms the basis of this action.

39. Any and all other files and records in reference to any vehicular accident prior to the incident that forms the basis of this action where MANUEL JIMENEZ MARTINEZ was the driver of a vehicle involved in the prior accidents.

40. The minutes of and records from any Safety Committee meeting for the one (1) year prior to the incident that forms the basis of this suit, and for the incident that forms the basis of this action.

41. The minutes of and records from any Accident Review Committee meeting for the one (1) year prior to the incident that forms the basis of this suit, and for the incident that forms the basis of this action.

42. Any company manuals, driver's manuals, safety manuals, company issues rules and regulations, directives or notices in effect at the time of the incident that forms the basis of this action regarding drivers' work, safety, driving activities, job performance, discipline, pickup and delivery of cargo.

43. All training and educational materials, including, but not limited to, training videos, outlines, handouts, books, or tests ever shown or provided to or used by MANUEL JIMENEZ MARTINEZ from or by any source including, but not limited to, any trucking school.

44. Any and all reports of safety audits (compliance reviews) of Defendant by the Department of Transportation or Department of Public Safety or its agents for four years preceding the date of the incident that forms the basis of this suit to present, together with all correspondence related thereto and the recommendations by the DOT for corrections and, specifically, any documents in reference to violations of the FMCSR.

45. A copy of the organizational chart for Defendant that shows the titles and reporting pathways of corporate management and support personnel.

46. Please produce all documents related to any investigation performed by Defendant of the incident that forms the basis of this suit, as well as any disciplinary action taken as a result of such investigation.

47. Produce copies of all correspondence or other communications from any other entity or persons regarding or referencing claims asserted by any such entity or person arising from the incident that forms the basis of this suit.

48. Copy of all documents filed with the United States Department of Transportation and/or Federal Motor Carrier Safety Administration or any State Motor Carrier Administration regarding your motor carrier license, including but not limited to all MCS-150 forms and any supplements or amendments thereto.

49. Accident registers maintained pursuant to 49 CFR 390 for the past 3 years.

50. All documents and reports relating to your company drug and alcohol program, including any reports relating to MANUEL JIMENEZ MARTINEZ for the last two (2) year period.

51. All computerized tracking information, including tachograph or other on-board recording device, GPS, and radar records for the driver and/or the tractor-trailer, including satellite tracking, driver messaging, dispatcher's sheets, registers, and other records pertaining to movement of the tractor or trailer involved in the incident for the 6-month period prior to the incident.

52. The actual electronic control module, black box, onboard computer, or other engine computer containing data regarding the movements or operation of the truck.

53. All data relating to the electronic control module (ECM), black box, any onboard computer, or other engine computer for the truck involved in the incident for the day of the incident and for the 6-month period prior to the incident.

54. Bills of lading, consignor's shipping orders and shipping tickets, freight bills regarding the load being transported at the time of the incident.

55. All records from any Electronic On-Board Recorder (EOBR) relating to Juan Rubio hours-of service (HOS) from any vehicle for the one-month period preceding and including the date of the incident that forms the basis of this suit.

56. Complete Driver Investigation History (DIH) file for MANUEL JIMENEZ MARTINEZ.

57. All information, including billings, reflecting cellular phone or any other mobile communication device usages for any device available to your driver on the date

of the incident that forms the basis of this matter, including, but not limited to all incoming and outgoing calls, incoming and outgoing SMS and MMS text messages, and emails.

58. All trip and/or operational documents pertaining to the activities, including driving, of MANUEL JIMENEZ MARTINEZ for the 7 days prior to and including the day of the incident, including but not limited to timesheets, mileage records, invoices, receipts for any trip expenses, such as fuel, food, lodging, equipment maintenance or repair.

59. Your policies and procedures for driver interviews and hiring qualifications.

60. All data and video from any event recording technology systems such as SmartDrive or any other similar event recording system.

61. All data and information from any collision avoidance system such as VORAD or any other similar collision avoidance system.

62. All federal, state, and/or local civil penalties that have been imposed on your company and/or any of your drivers in the last three (3) years as a result of a driver using his cellular phone while driving one of your company's vehicles, as well as the outcome or result of any civil penalties, including, but not limited to, driver disqualification.

63. All permits and other documents issued to you that authorize you to function as a driver of a commercial vehicle in the United States, the State of Texas, and/or any other state or any subdivision thereof.

64. All applications made by you to any federal agency, department, or administration relating to driving vehicles of any kind.

65. All MCS-150 forms, as well as any forms you have completed pursuant to the URS (Unified Registration System), along with all attachments.

66. All MCS-150A forms, as well as any forms you have completed pursuant to the URS (Unified Registration System), along with all attachments.

67. All OP-1(P) forms, as well as any forms you have completed pursuant to the URS (Unified Registration System), along with all attachments.

68. All OP-FC-1 forms, as well as any forms you have completed pursuant to the URS (Unified Registration System), along with all attachments.

69. All BOC-3 forms you have completed, along with all attachments.

70. All BMC-91 and/or BMC-91X forms you have completed, along with all attachments.

71. All certificates of necessity you have completed, along with all attachments.

72. All permits and other documents issued to you that authorize you to function as a motor carrier in the United States, the State of Texas, and any other state or any subdivision thereof.

73. All permits of any kind.

74. All leases concerning the vehicle involved in the collision.

75. All contracts of sale of the vehicle involved in the collision.

76. All titles and ownership documents concerning the vehicle involved in the collision.

77. All documents and manuals provided by the manufacturer of the commercial motor vehicle.

78. All contracts you had with anyone concerning the transportation and/or delivery of the load on the commercial motor vehicle at the time of the collision.

79. All applications for insurance.

80. All insurance policies, including primary, excess and umbrella.

81. All MCS-90B forms issued to you and/or otherwise applicable to you in connection with the occurrence made the basis of this lawsuit.

82. All MCS-82B forms issued to you and/or otherwise applicable to you in connection with the occurrence made the basis of this lawsuit.

83. All MCS-150 motor carrier identification reports in your possession.

84. All inspection reports conducted on any vehicle operated by you and any local, county, state or federal agency.

85. Any and all documents showing your employment status and/or any contractual relationship and/or lessor/lessee relationship with any other Defendant named in his lawsuit, including, but not limited to your own personnel files, applications for employment, verification of previous employers, disciplinary records, training records, evaluations, lease agreements and contracts of employment.

86. A copy of any and all employment contract(s) between you and any other Defendant in this case, which was or were in effect at the time of the collision made the basis of this lawsuit or which have become in effect since the date of the collision.

87. All pay stubs, copies of pay checks, and any other documents evidencing the amount and dates that you were paid from any source for 6 months prior to and 6 months after the collision made the basis of this lawsuit.

88. All documents that reflect any and all disciplinary action taken against you for the one-year period preceding the occurrence in question up through present day,

89. All documents showing your activities on the date of the collision made the basis of this lawsuit. This request includes, but is not limited to all logs, billings, invoices, gate passes, or other documents which show each scheduled delivery and pickup, each actual delivery and pickup, and the time of each delivery and pickup.

90. All documents showing any investigation of the incident made the basis of this lawsuit.

91. All documents showing the procedures followed by you for investigating an accident and in notifying your carrier of an accident.

92. Any surveillance reports, investigative notes, photographs or videotapes taken of any Plaintiff at any time prior to trial.

93. All documents evidencing the relationship between you and any other Defendants in this case at the time of the collision made the basis of this lawsuit.

94. Copies of any partnership agreements, independent contractor agreement, or any other kind of working agreement, between you and any other person or entity that was or were in effect on the date of the incident made the basis of this suit.

95. Produce a copy of all medical records you have pertaining to any Plaintiff.

96. Produce a copy of all employment records you have pertaining to any Plaintiff.

97. Produce a copy of all documents showing any claim or reference to any bodily injuries made by any Plaintiff prior to the occurrence in question.

98. Produce a copy of all documents showing any bodily injury claims made by any Plaintiff for events occurring subsequent to the occurrence in question.

99. Produce a copy of all documents showing any prior injuries sustained by any Plaintiff that you claim are related to the injuries or damages being sought in this case by any Plaintiff.

100.     Produce a copy of all documents showing subsequent injuries sustained any Plaintiff that you claim are not related to the incident in question.

101.     All documents reference by you in your answers to any interrogatories.

102.     All documents which reflect any other lawsuits or legal proceedings in which you have been a party. This includes copies of pleadings, court orders and judgments, correspondence, transcripts of depositions or trial testimony, exhibits, etc.

103.     All documents and other tangible things comprising, reflecting, or otherwise commemorating any oral or written contract, understanding, or agreement between you and any other person concerning this lawsuit, including attorneys. This includes, without limitation, any partial settlements or releases of any of your claims; any "Mary Carter" agreements; any indemnity agreements; any understandings regarding allocation of jury strikes; any understandings regarding positions various parties may assert during pretrial discovery or at trial; and any other sort of contract, agreement, joint defense, or other understanding that relates directly or indirectly to this lawsuit.

CAUSE NO. _____

| | | |
|---|---|---|
| LYNDSI DIAZ DE LEON AND CARLA MARTINEZ, | § | IN THE DISTRICT COURT |
| *PLAINTIFFS* | § | |
| | § | |
| VS. | § | ___ JUDICIAL DISTRICT |
| | § | |
| MANUEL JIMENEZ MARTINEZ and | § | |
| CNC LOGISTRICS S DE RL DE CV, | § | |
| *DEFENDANTS* | § | EL PASO COUNTY, TEXAS |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT MANUEL JIMENEZ MARTINEZ

**TO:   DEFENDANT MANUEL JIMENEZ MARTINEZ**

Pursuant to Rule 198, TEXAS RULES OF CIVIL PROCEDURE, you are requested to admit or deny the truth of statements or opinions of fact or of the application of law to fact, including the genuineness of any documents served with this request or otherwise furnished or made available for inspection and copying.   This request extends to all matters set forth in the accompanying attachments.

Each matter of which an admission is requested will be admitted unless, within fifty (50) days after service of this request, you serve upon the Plaintiff, through the undersigned attorney of record, a written answer or objection concerning such matter, either specifically denying the matter of which an admission is requested or setting forth in detail the reasons why you cannot truthfully either admit or deny the matter.

**Respectfully submitted,**

**Thomas J. Henry Injury Attorneys**
PO BOX 696025
San Antonio, Texas 78269
Tel.  (210) 656-1000
Fax.  (361) 985-0601

_____

Steven T. Nguyen
State Bar No.: 24096353
*E-mail: snguyen-svc@thomasjhenrylaw.com
**Attorney for Plaintiff**
 *  Service to this e-mail address only

**DEFINITIONS AND INSTRUCTIONS**

1.      As used herein, the terms "you" and "your" shall refer to this Defendant, his attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

2.      As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.      In accordance with TEX. R. CIV. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.      "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.      "Identify" or "Identification":

(a)     When used in reference to a person, "identify" or "identification" means to state his or his full name, present or last known residence address, present or last known business address and telephone number.

(b)     When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

(c)     When used in reference to a document, "identify" or "identification" shall include statement of the following:

(i)     the title, heading, or caption, if any, of such document;

(ii)    the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary, to an understanding of the document and evaluation of any claim of protection from discovery;

(iii)   the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(iv)    the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(v)     the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(vi)    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(vii)   the physical location of the document and the name of its custodian or custodians.

6.      "Settlement": as used herein, means:

(a)     an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any Defendant or between any Defendant herein whereby Plaintiff or

Defendant have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

(b)     any resolution of the differences between the Plaintiff and Defendant by loan to the Plaintiff or any other device which is repayable in whole or in part out of any judgment the Plaintiff may recover against Defendant.

(c)     The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.      The "wreck" as used herein refers to the wreck made the basis of this lawsuit.

Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time beginning with the date of the wreck made the basis of this lawsuit up to and including the present date.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from **August 27, 2020,** through the date of production of responses requested herein.

## REQUESTS FOR ADMISSIONS

1.      Admit that you were operating the 2019 Freightliner M2 at the time of the wreck.

**ADMIT OR DENY:**

2.      Admit that you were owner of the vehicle you were driving that was involved in the wreck.

**ADMIT OR DENY:**

3.      Admit that your negligence proximately caused the wreck.

**ADMIT OR DENY:**

4.      Admit that you are liable for the wreck and injuries which form the basis of this lawsuit.

**ADMIT OR DENY:**

5.      Admit that there was no act or omission on the part of any third person which was the sole and proximate cause of the wreck.

**ADMIT OR DENY:**

6.      Admit that the wreck was not an unavoidable accident.

**ADMIT OR DENY:**

7.      Admit that the wreck was not the result of a sudden and unexpected emergency.

**ADMIT OR DENY:**

8.      Admit that the wreck was not caused solely by an act of God

**ADMIT OR DENY:**

9.      Admit that LYNDSI DIAZ DE LEON AND CARLA MARTINEZ did not commit any act or omissions which constituted negligence which proximately caused the wreck.

**ADMIT OR DENY:**

10.     Admit that you had a cellular telephone/device in your possession at the time of the wreck.

**ADMIT OR DENY:**

11.     Admit that you were using a cellular telephone/device at the time of the wreck.

**ADMIT OR DENY:**

12.     Admit that you did not take any evasive action in an attempt to avoid the wreck.

**ADMIT OR DENY:**

13.     Admit that you did not apply your brakes in an attempt to avoid the wreck.

**ADMIT OR DENY:**

14.     Admit that you did not turn your vehicle in an attempt to avoid the wreck.

**ADMIT OR DENY:**

15.     Admit that you failed to blow the vehicle's horn in an effort to avoid the wreck.

**ADMIT OR DENY:**

16.     Admit that your failure to blow the vehicle's horn in an effort to avoid the wreck was a proximate cause of the wreck.

**ADMIT OR DENY:**

17.     Admit that you admitted to LYNDSI DIAZ DE LEON AND CARLA MARTINEZ at the scene that the wreck was your fault.

**ADMIT OR DENY:**

18.     Admit that you admitted to Officer Dominique Romero at the scene that the wreck was your fault.

**ADMIT OR DENY:**

19.     Admit that you admitted to LYNDSI DIAZ DE LEON AND CARLA MARTINEZ at the scene that you were in a hurry.

**ADMIT OR DENY:**

20.     Admit that all vehicles must comply with the DOT "Rules of the Road."

**ADMIT OR DENY:**

21.     Admit that you gave a recorded statement(s) about the wreck.

**ADMIT OR DENY:**

22.     Admit that you took pictures at the scene immediately after the wreck.

**ADMIT OR DENY:**

23.     Admit that you contacted your insurance about the wreck.

**ADMIT OR DENY:**

24.     Admit that you have been charged with at least one DWI prior to this wreck.

**ADMIT OR DENY:**

25.     Admit that you have been charged with more than one DWI prior to this wreck.

**ADMIT OR DENY:**

26.     Admit that you have a criminal history.

**ADMIT OR DENY:**

27.     Admit that you have been arrested prior to this wreck.

**ADMIT OR DENY:**

28.     Admit that your responses herein are truthful.

**ADMIT OR DENY:**

CAUSE NO. _____

| | | |
|---|---|---|
| LYNDSI DIAZ DE LEON AND CARLA MARTINEZ, **PLAINTIFFS** | § § § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | ___ JUDICIAL DISTRICT |
| | § | |
| MANUEL JIMENEZ MARTINEZ and CNC LOGISTRICS S DE RL DE CV, **DEFENDANTS** | § § § | EL PASO COUNTY, TEXAS |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT CNC LOGISTRICS S DE RL DE CV

**TO:    DEFENDANT CNC LOGISTRICS S DE RL DE CV**

These Interrogatories are filed and served pursuant to Rule 197 of the TEXAS RULES OF CIVIL PROCEDURE.  Plaintiff requests that Defendant answer separately and fully in writing and under oath each of the following interrogatories within fifty (50) days after service of this request.

Respectfully submitted,

**Thomas J. Henry Injury Attorneys**
PO BOX 696025
San Antonio, Texas 78269
Tel.  (210) 656-1000
Fax.  (361) 985-0601

_____
Steven T. Nguyen
State Bar No.: 24096353
*E-mail: snguyen-svc@thomasjhenrylaw.com
**Attorney for Plaintiff**
   *  Service to this e-mail address only

**DEFINITIONS AND INSTRUCTIONS**

1.  As used herein, the terms "you" and "your" shall refer to this Defendant, him attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

2.  As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.  In accordance with TEX. R. CIV. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.  "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.    "Identify" or "Identification":

    a.    When used in reference to a person, "identify" or "identification" means to state him or her full name, present or last known residence address, present or last known business address and telephone number.

    b.    When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

    c.    When used in reference to a document, "identify" or "identification" shall include statement of the following:

        i.     the title, heading, or caption, if any, of such document;

        ii.    the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary, to an understanding of the document and evaluation of any claim of protection from discovery;

        iii.   the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

        iv.    the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

        v.     the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

        vi.    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

        vii.   the physical location of the document and the name of its custodian or custodians.

    "**The incident**" or "**the accident**" or "**occasion in question**" or "**occurrence in question**" or "**incident in question**", as used herein, refers to the occurrence made the basis of this lawsuit.

6.    "Settlement": as used herein, means:

    a.    An oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of

liability or judgment, or a promise by or between Plaintiff and any Defendant or between any Defendant herein whereby Plaintiff or Defendant have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

b.    Any resolution of the differences between the Plaintiff and Defendant by loan to the Plaintiff or any other device which is repayable in whole or in part out of any judgment the Plaintiff may recover against Defendant.

c.    The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.    "The wreck" as used herein refers to the wreck made the basis of this lawsuit.

Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time beginning with the date of the wreck made the basis of this lawsuit up to and including the present date.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from **August 27, 2020**, through the date of production of responses requested herein.

## FIRST SET OF WRITTEN INTERROGATORIES

**INTERROGATORY 1:** Identify all persons providing any information to answer these interrogatories.

**ANSWER:**


**INTERROGATORY 2:** If you contend that you are not liable in the name or in the legal capacity in which you have been sued, or that there is a defect of parties, or a defect in the names of any party to this suit, identify all correct parties known to you and state briefly the facts that support your contention.

**ANSWER:**


**INTERROGATORY 3:** At the time of the collision in question, was MANUEL JIMENEZ MARTINEZ, the co-defendant herein, acting in the scope of his employment for you? *As used in this Interrogatory, you are instructed that "scope of his employment" is used in this Interrogatory as defined by Texas Pattern Jury Charge 10.6: "An employee is acting in the scope of his employment if he is acting in the furtherance of the business of his employer".* If your answer is "No", state your basis for answering "No" and specify the exact relationship of this driver to your company.

**ANSWER:**


**INTERROGATORY 4:**        As of the date of the incident that forms the basis of this action, did you have any accident review committee, safety committee, driver review committee, or any other similar body that, in the regular course of your business, reviewed driver accidents for purposes of discipline or safety compliance? If so:

      a.     identify each member of such committee;
      b.     state the committee's findings and conclusions for this collision; and
      c.     state what action was taken by the committee as a result of its findings and conclusions for this collision.

**ANSWER:**


**INTERROGATORY 5:** Was the vehicle being driven by MANUEL JIMENEZ MARTINEZ at the time of the collision equipped with a global positioning satellite system (GPS), satellite location system, and/or satellite communication system and/or any other device

that would record his vehicle's movements and speed, and/or is there any other electronic data otherwise available on the vehicle? If so, please:

(a) identify the person presently in possession of such device and the records generated by such device; and
(b) identify the manufacturer, make, model, and type of GPS tracking system and/or other such electronic data system.

**ANSWER:**

**INTERROGATORY 6:** Identify all communication devices available to your driver on the date of the collision made the basis of this suit including, but not limited to, the driver's own cell phone, any other cell phones, two-way radios, or any other electronic messaging systems. For all cell phones and any other devices with any cellular or any other remote access, provide the complete phone number and name of the carrier(s).

**ANSWER:**

**INTERROGATORY 7:** State your company's policies and procedures in effect as of the date of the collision in question for preventing and/or limiting the use of cellular phones and/or other cellular devices by your drivers, and identify your employees who have assisted either directly or indirectly in implementing these policies and procedures and/or otherwise trained employees regarding this technology, including, but not limited to:

a. under what circumstances a driver will have the ability to use a cellular phone while driving a vehicle for your company;

b. what cellular phone and other cellular device applications your drivers are allowed to access while driving a vehicle;

c. what phone numbers are allowed to ring and/or text the driver's cellular phone or  other cellular device while the driver is driving the vehicle;

d. what, if any, cellular phone blocking applications are utilized by your company for the purposes of preventing and/or limiting the use of cellular phones other cellular devices by your drivers;

e. All notifications that your company has received when a driver has used a cellular phone or other cellular device while driving a vehicle; and

f. What, if any, company action or disciplinary measures have been imposed against any of your drivers as a result of operating a cellular phone or other cellular device while driving a vehicle.

**ANSWER:**

**INTERROGATORY 8:** If you had a Safety Director (or other person in charge of driver safety, regardless of the actual title) as of the date of the incident that forms the basis of this action, then please identify that person and include his dates of employment. If that person has had this position with you for less than three (3) years, identify all persons employed by you in this position for the period of time from five (5) years prior to the incident in question to and including the present day.

**ANSWER:**

 **INTERROGATORY 9:**  State all failures on the part of the Plaintiff to exercise that degree of care of any ordinarily prudent person under the same or similar circumstances, which failure(s) you contend proximately caused or contributed to cause any injuries or damages sustained.

**ANSWER:**

**INTERROGATORY 10:**   If you contend this accident was unavoidable, identify each person who has informed you that this accident was unavoidable, and state each reason why this accident was unavoidable.

**ANSWER:**

**INTERROGATORY 11:** If you contend that any "Defendant" was confronted by an emergency, arising suddenly and unexpectedly, state which Defendant was confronted by the emergency you allege occurred, and state what the emergency was.

**ANSWER:**

**INTERROGATORY 12:** If you contend that the accident was caused by the acts and/or omissions of other persons in no way connected to or controlled by you, identify all persons to whom you are referring, and state what each of them did to cause the accident.

**ANSWER:**

**INTERROGATORY 13:**  State all illnesses and/or injuries of the Plaintiff that you contend were not caused by this accident.

**ANSWER:**

**INTERROGATORY 14:**  For each liability insurance policy applicable to the occurrence in question, including but not limited to primary, excess and umbrella policies, identify the following:

---

    a. All persons in your employ with knowledge of the application for, payment of, and procurement of: all primary, excess and umbrella insurance policies for the insurance policy period(s) encompassing the date of the occurrence in question;

    b. All insurance agent(s) and broker(s) with whom you worked directly to procure such insurance coverage; and

    c. Whether any reservation of rights has been made by any insurance carrier, including  stating the reasons provided by the carrier(s) for such reservation of rights.

**ANSWER:**

**INTERROGATORY 15:** If you intend to use evidence of a criminal conviction of the Plaintiff or of any witnesses at the trial of this case, please identify those convictions for each such person.

**ANSWER:**

## <u>VERIFICATION</u>

**THE STATE OF** _____     §
                                     §
**COUNTY OF** _____       §


      **BEFORE ME**, the undersigned authority, a Notary Public, on this day personally appeared _____, who being by me duly sworn under oath deposed and said that he/she is duly qualified and authorized in all respects to make this Affidavit; that he/she has read the above and foregoing answers**,** and that every statement contained in this Discovery is within him knowledge and completely true and correct.


                                       _____
                                       **Signature**


                                       _____
                                       **Print**


**THE STATE OF** _____     §
                                     §
**COUNTY OF** _____       §

      **BEFORE ME**, the undersigned authority, on this day personally _____, who being first duly sworn, stated that each and all of the foregoing Answers to Interrogatories are true and correct.

      **SUBSCRIBED AND SWORN TO on the** _____ **day of** _____, **2018.**


      _____                    **Notary Public, State of Texas**
My Commission Expires: _____

CAUSE NO. _____

| | | |
|---|---|---|
| LYNDSI DIAZ DE LEON AND CARLA MARTINEZ, | § | IN THE DISTRICT COURT |
| *PLAINTIFFS* | § | |
| | § | |
| VS. | § | ___ JUDICIAL DISTRICT |
| | § | |
| MANUEL JIMENEZ MARTINEZ and | § | |
| CNC LOGISTRICS S DE RL DE CV, | § | |
| *DEFENDANTS* | § | EL PASO COUNTY, TEXAS |

---

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO
DEFENDANT CNC LOGISTRICS S DE RL DE CV.**

---

**TO:   DEFENDANT CNC LOGISTRICS S DE RL DE CV**

Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff requests that the Defendant produce copies of, or permit Plaintiff to inspect, sample, test, photograph, and/or copy the designated documents, records, or tangible things which are in your possession, custody, or control, or are available to you, or are in the possession, custody, or control of your agents, representatives or attorneys.

Plaintiff designates the manner of discovery to be by Defendant providing Plaintiff's attorney with a photocopy or duplicate of each of the designated documents, records, or tangible things in Defendant's possession, custody, or control, or by making the designated items available for inspection, sampling, testing, photographing and/or copying at the office of Plaintiff's attorney.  If the requested documents, records, or tangible things cannot readily be copied, produced, and delivered to Plaintiff's attorneys, or made available for inspection, sampling, testing, photographing, and/or copying at the

---

office of Plaintiff's attorney, Plaintiff is agreeable to conducting discovery in the office of

Defendant's counsel or Defendant's premises or obtaining delivery there from.

Plaintiff designates fifty (50) days after these requests for discovery and

inspection.  Pursuant to Rule 193.5 Texas Rules of Civil Procedure, these Requests for

Production and Discovery are continuing in nature and require supplementation as soon

as is practical, but in no event less than thirty (30) days prior to the beginning of trial.


**Respectfully submitted,**

**Thomas J. Henry Injury Attorneys**
PO BOX 696025
San Antonio, Texas 78269
Tel.  (210) 656-1000
Fax.  (361) 985-0601

_____
Steven T. Nguyen
State Bar No.: 24096353
*E-mail: snguyen-svc@thomasjhenrylaw.com
**Attorney for Plaintiff**
 *  Service to this e-mail address only

## DEFINITIONS AND INSTRUCTIONS

1.  As used herein, the terms "you" and "your" shall refer to this Defendant, him attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

2.  As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.  In accordance with TEX. R. CIV. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.  "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.  "Identify" or "Identification":

    a.    When used in reference to a person, "identify" or "identification" means to state him or her full name, present or last known residence address, present or last known business address and telephone number.

    b.    When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

    c.    When used in reference to a document, "identify" or "identification" shall include statement of the following:

        i.    the title, heading, or caption, if any, of such document;

        ii.    the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary, to an understanding of the document and evaluation of any claim of protection from discovery;

        iii.    the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

        iv.    the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

        v.    the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

        vi.    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

        vii.    the physical location of the document and the name of its custodian or custodians.

"**The incident**" or "**the accident**" or "**occasion in question**" or "**occurrence in question**" or "**incident in question**", as used herein, refers to the occurrence made the basis of this lawsuit.

6.  "Settlement": as used herein, means:

    d.    An oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any Defendant or between any Defendant herein whereby Plaintiff or Defendant have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

    e.    Any resolution of the differences between the Plaintiff and Defendant by loan to the Plaintiff or any other device which is repayable in whole or in part out of any judgment the Plaintiff may recover against Defendant.

    f.    The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.  "The wreck" as used herein refers to the wreck made the basis of this lawsuit.

Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time beginning with the date of the wreck made the basis of this lawsuit up to and including the present date.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from **August 27, 2020**, through the date of production of responses requested herein.

# FIRST REQUEST FOR PRODUCTION

1. All photographs, video tapes, movies, and other graphic representations of the scene of the collision.

2. All photographs, video tapes, movies, and other graphic representations of the vehicles involved in the incident that forms the basis of this suit.

3. All photographs, video tapes, movies, and other graphic representations of the Plaintiff.

4. All investigative reports relating to the incident in question, including all documents, memoranda, photographs, videotapes, movies, statements, reports, drawings, communications, and tangible things attached to such reports, or referred to therein.

5. A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the incident including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding insurance coverage. This request also includes documents that show the diminution, if any, in any policy limits based on the payment by your carrier(s) of any other claims related to this same occurrence in question.

6. All documents, records, notations, or memoranda relating to the repair and maintenance of the vehicle involved in the incident which forms the basis of this suit for the period of one (1) year immediately preceding the incident.

8. All documents and records relating to the damage and/or repair to any of the vehicles involved in the collision including, but not limited to, photographs, repair estimates, supplemental estimates, and salvage reports.

9. All reports, publications, regulations, or other documents evidencing any safety standards, laws, regulations, ordinances, or industry standards you contend or will contend at trial were violated by the Plaintiff(s).

10. All published documents, treatises, periodicals, pamphlets on the subject of medicine, accident reconstruction, and any other area of scientific study that you claim to be a reliable authority which may be used by you at the time of trial.

11. All documents, reports, publications, and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

12. Any and all trial exhibits.

13. Any and all demonstrative evidence you intend to utilize at trial.

14.     Any and all settlement agreements, wherein you have arrived at a settlement or agreement    between you and any other person, whether or not a party to this lawsuit, regarding or  pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

15.  A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about the Plaintiff(s) and/or concerning the medical or physical condition of the Plaintiff(s) which are in the possession or constructive possession, custody, or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

16. A copy of all documents relating to any criminal records pertaining to Plaintiff(s) or any witnesses.

17.  A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about your employee driver arising from this incident.

18.  All medical records or other documents which you contend show pre-existing medical condition that you contend is relevant to the Plaintiff's claim.

19.  All documents, tangible things, and electronic or magnetic data obtained by depositions on written questions in this cause.

20. Complete driver's qualification file pertaining to MANUEL JIMENEZ MARTINEZ including but not     limited to the following:

    a.  check sheet for driver's forms;

    b.  application for employment;

    c.  employment eligibility verification;

    d.  certificate of compliance;

    e.  request for check of driving record;

    f.  request for information from previous employer;

    g.  record and certificate of road test;

    h.  written examination and certificate;

i.   answers to written examination;

j.   driver's physical examination certificate with the expiration date;

k.   controlled substance test results;

l.   driver's data sheet;

m. record of violations;

n.   annual review of driving record

o.   notice of disqualification; and

p.   pocket cards.

20. A clear, color copy of MANUEL JIMENEZ MARTINEZ' driver license.

21. All driver logbooks required pursuant to 49 C.F.R. 395 for the one year preceding the date of the incident for MANUEL JIMENEZ MARTINEZ.

22. All company policies and guidelines (either in written form or in an audio/video format) relating to training and safety and driver attendance records pertaining to MANUEL JIMENEZ MARTINEZ.

23.    All pay and time records pertaining to MANUEL JIMENEZ MARTINEZ for the 6 months prior to and including the date of the incident that forms the basis for this action.

24.    Any and all worker's compensation records pertaining to MANUEL JIMENEZ MARTINEZ.

25.    Any and all results from drug and/or alcohol testing pertaining to MANUEL JIMENEZ MARTINEZ.

26.    Entire personnel file of MANUEL JIMENEZ MARTINEZ.

27.    All documents evidencing ownership of the vehicle involved in the incident in question.

28.    All documents regarding any regulatory agency, including OSHA, USDOT, TXDOT, and NRCC, inspections, investigations, citations, warnings or other reports regarding   Defendants' motor carrier operations or vehicles for two years preceding the date of the incident that forms the basis of this suit through the present.

29.     Please produce any all written reports regarding the incident which forms the basis of this   suit including any and all e-mails and text messages concerning this incident.

30.     Any and all Pre-trip, Post trip, Log Book, or Trip Ticket records completed by MANUEL JIMENEZ MARTINEZ.

31.     Any and all Pre-trip, Post trip, Log Book, or Trip Ticket records involving the vehicle which was involved in the incident which forms the basis of this lawsuit.

32.     Any and all documents referencing or relating to safety meetings held at Defendant's facilities including minutes and logs of attendance for two years preceding the date of the incident that forms the basis of this suit through the present.

33.     All trip and/or operational documents pertaining to the movement of cargo by MANUEL JIMENEZ MARTINEZ or his tractor (or truck), in existence but at least for the one-month period prior to and including the date of the incident that forms the basis of this suit. The term "trip" or "operational documents" as used herein is defined below in definitions "(1) through (20)" and is applicable to each trip occurring during the time period requested herein and includes hard copies and accessible computer printouts. The term "trip" as used herein, is defined as the transportation of one load of cargo (regardless of size and type) from origin(s) to final destination(s):

a. Drivers trip envelopes and/or trip reports, daily loads or work reports, fuel purchased reports, or any reports made by a driver to the defendants inclusive of daily, weekly, or monthly cargo transported, time or distance work records.

b. Receipts for any trip expenses or purchases regardless of type, such as fuel, food, lodging, equipment maintenance or repair, special or oversize permits, bridge or toll road, loading or unloading, or other receipts.

c. Cargo pickup or delivery orders prepared by any and all of the Defendants brokers, involved shippers or receivers, motor carriers, driver, or other persons or organizations.

d. All bills of lading and/or manifest prepared or issued by any shippers, brokers, transporting motor carriers, receivers of cargo or defendants. This also includes

e. All equipment or cargo loading, unloading, or detention records along with any other documents showing pickup and delivery dates and times or detention of equipment or cargo.

f. All freight bills, inclusive of cargo pickup and delivery copies.

g.  All written instructions, orders, or advice given to drivers in reference to cargo transported, routes to travel, pickup or delivery times by defendants' shippers, receivers, or other persons or organizations.

h.  Dispatch records indicating assignment of equipment and drivers to cargo pickup and delivery, dates and times of delivery, and any other related factors.

i.  Any driver call-in records or other written records indicating communications between company and driver in reference to the movement of cargo, or the day to day operations of the equipment and/or driver.

j.  All accounting records, cargo transportation bills and subsequent payments or other records indicating billings for transportation or subsequent payment for the transportation of cargo. Copies of both the front and back of canceled checks are requested.

k.  All initial or rough driver's trip check in settlement sheets along with all final accounting documents, and computer printouts showing expenses and payments to a driver in reference to a trip or trips.

l.  Any and all motor carrier or driver created fuel, mileage, and purchase reports or records.

m.  Copies of original Com Check, Cash Control, or similar service records and copies of front and back of all checks received or disbursed in reference to the transportation performed regardless of disbursement reason, inclusive of all checks to drivers.

n.  Any and all computer downloads and/or printouts provided to Defendants by others, including but not limited to Com Check or Cash Control Corp., Trendar or QualComm listed by driver name of number or truck number, showing the driver and tractor location, time, date, and mileage for stops, movement, or purchases.

o.  Any and all special or oversize permits and related documents/requests issues to or by any state agency to transport cargo over his territories regardless of the form of the permit.

p.  Any and all records generated by a device on board the driver's vehicle such as a tachograph, electronic control module (ECM), or other device that records the vehicle speed, distance, or movements.

q.  Any and all other "trip related documents" created by the defendant or any other person or organization but not defined herein in the possession of any of the Defendants.

r.   Clearly readable copies of all daily (or other periodic) fuel invoices from such companies as Com Data, Com Check, FCIS, or CCIS.

s.   Clearly readable copies of any and all other computer generated or downloaded data from any satellite location and communication systems or sources such as those known as "QualComm" or Q'Trac's, depicting the location of the tractor/s operated by Driver and all satellite communication between driver and Defendants.

t.   Any and all other "supporting documents" as that term is used in the FMCSR, 49 CFR 395.8(K)(1) and defined in Part 395.8 of the US DOT Interpretations.

34.   Any and all agreements, contracts, or written arrangements in effect on the date of the incident that forms the basis of this action with MANUEL JIMENEZ MARTINEZ including but not limited to, any contracts to perform transportation services.

35.   Any and all lease or rental agreements, involving the tractor or trailer in effect on the date of the incident that forms the basis of this action.

36.   All driver's daily logs and 70-hour summaries created by MANUEL JIMENEZ MARTINEZ now in existence, but at least for the period for one month preceding the date of the incident that forms the basis of this suit through present in accordance with FMCSR Part 395 in the possession of any of the defendants. As used herein the term "hours of service records" means any and all documents created in reference to the FMCSR Part 395 including, but not limited to, drivers' daily logs, time cards and records, administrative log audits, 70-hour log audits, yearly and monthly summary sheets, and reports of violations. This includes all reprimands or warnings sent to Driver for violations of the FMCSR Part 395, Drivers Hours of Service Regulations.

37.   Any traffic citations, terminal or road equipment and driver compliance inspections, warnings or citations issued to MANUEL JIMENEZ MARTINEZ, by any law enforcement official or agency.

38.   Your accident registers and records maintained in accordance with FMCSR Part 390.15 for the three years preceding and including the incident made the basis of the suit. This includes, but is not limited to, any reports, correspondence or documentation sent to or received from any persons or organizations and reports made by MANUEL JIMENEZ MARTINEZ, or any other person in reference to the incident that forms the basis of this action.

39.   Any and all other files and records in reference to any vehicular accident prior to the incident that forms the basis of this action where MANUEL JIMENEZ MARTINEZ was the driver of a vehicle involved in the prior accidents.

40.     The minutes of and records from any Safety Committee meeting for the one (1) year prior to the incident that forms the basis of this suit, and for the incident that forms the basis of this action.

41.     The minutes of and records from any Accident Review Committee meeting for the one (1) year prior to the incident that forms the basis of this suit, and for the incident that forms the basis of this action.

42.     Any company manuals, driver's manuals, safety manuals, company issues rules and regulations, directives or notices in effect at the time of the incident that forms the basis of this action regarding drivers' work, safety, driving activities, job performance, discipline, pickup and delivery of cargo.

43.     All training and educational materials, including, but not limited to, training videos, outlines, handouts, books, or tests ever shown or provided to or used by MANUEL JIMENEZ MARTINEZ from or by any source including, but not limited to, any trucking school.

44.     Any and all reports of safety audits (compliance reviews) of Defendant by the Department of Transportation or Department of Public Safety or its agents for four years preceding the date of the incident that forms the basis of this suit to present, together with all correspondence related thereto and the recommendations by the DOT for corrections and, specifically, any documents in reference to violations of the FMCSR.

45.     A copy of the organizational chart for Defendant that shows the titles and reporting pathways of corporate management and support personnel.

46.     Please produce all documents related to any investigation performed by Defendant of the incident that forms the basis of this suit, as well as any disciplinary action taken as a result of such investigation.

47.     Produce copies of all correspondence or other communications from any other entity or persons regarding or referencing claims asserted by any such entity or person arising from the incident that forms the basis of this suit.

48.     Copy of all documents filed with the United States Department of Transportation and/or Federal Motor Carrier Safety Administration or any State Motor Carrier Administration regarding your motor carrier license, including but not limited to all MCS-150 forms and any supplements or amendments thereto.

49.     Accident registers maintained pursuant to 49 CFR 390 for the past 3 years.

50.     All documents and reports relating to your company drug and alcohol program, including any reports relating to MANUEL JIMENEZ MARTINEZ for the last two (2) year period.

51.     All computerized tracking information, including tachograph or other on-board recording device, GPS, and radar records for the driver and/or the tractor-trailer, including satellite tracking, driver messaging, dispatcher's sheets, registers, and other records pertaining to movement of the tractor or trailer involved in the incident for the 6-month period prior to the incident.

52.     The actual electronic control module, black box, onboard computer, or other engine computer containing data regarding the movements or operation of the truck.

53.     All data relating to the electronic control module (ECM), black box, any onboard computer, or other engine computer for the truck involved in the incident for the day of the incident and for the 6-month period prior to the incident.

54.     Bills of lading, consignor's shipping orders and shipping tickets, freight bills regarding the load being transported at the time of the incident.

55.     All records from any Electronic On-Board Recorder (EOBR) relating to Juan Rubio hours-of service (HOS) from any vehicle for the one-month period preceding and including the date of the incident that forms the basis of this suit.

56.     Complete Driver Investigation History (DIH) file for MANUEL JIMENEZ MARTINEZ.

57.     All information, including billings, reflecting cellular phone or any other mobile communication device usages for any device available to your driver on the date of the incident that forms the basis of this matter, including, but not limited to all incoming and outgoing calls, incoming and outgoing SMS and MMS text messages, and emails.

58.     All trip and/or operational documents pertaining to the activities, including driving, of MANUEL JIMENEZ MARTINEZ for the 7 days prior to and including the day of the incident, including but not limited to timesheets, mileage records, invoices, receipts for any trip expenses, such as fuel, food, lodging, equipment maintenance or repair.

59.     Your policies and procedures for driver interviews and hiring qualifications.

60.     All data and video from any event recording technology systems such as SmartDrive or any other similar event recording system.

61.     All data and information from any collision avoidance system such as VORAD or any other similar collision avoidance system.

62.     All federal, state, and/or local civil penalties that have been imposed on your company and/or any of your drivers in the last three (3) years as a result of a driver using his cellular phone while driving one of your company's vehicles, as well as the outcome or result of any civil penalties, including, but not limited to, driver disqualification.

CAUSE NO. _____

| | | |
|---|---|---|
| LYNDSI DIAZ DE LEON AND CARLA MARTINEZ, | § | IN THE DISTRICT COURT |
| *PLAINTIFFS* | § | |
| | § | |
| VS. | § | ___ JUDICIAL DISTRICT |
| | § | |
| MANUEL JIMENEZ MARTINEZ and | § | |
| CNC LOGISTRICS S DE RL DE CV, | § | EL PASO COUNTY, TEXAS |
| *DEFENDANTS* | § | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT CNC LOGISTRICS S DE RL DE CV.

**TO:** **DEFENDANT CNC LOGISTICS S DE RL DE CV.**

Pursuant to Rule 198, TEXAS RULES OF CIVIL PROCEDURE, you are requested to admit or deny the truth of statements or opinions of fact or of the application of law to fact, including the genuineness of any documents served with this request or otherwise furnished or made available for inspection and copying.   This request extends to all matters set forth in the accompanying attachments.

Each matter of which an admission is requested will be admitted unless, within fifty (50) days after service of this request, you serve upon the Plaintiff, through the undersigned attorney of record, a written answer or objection concerning such matter, either specifically denying the matter of which an admission is requested or setting forth in detail the reasons why you cannot truthfully either admit or deny the matter.

**Respectfully submitted,**

**Thomas J. Henry Injury Attorneys**
PO BOX 696025
San Antonio, Texas 78269
Tel.  (210) 656-1000
Fax.  (361) 985-0601


_____
Steven T. Nguyen
State Bar No.: 24096353
*E-mail: snguyen-svc@thomasjhenrylaw.com
**Attorney for Plaintiff**
 *  Service to this e-mail address only

## DEFINITIONS AND INSTRUCTIONS

1.    As used herein, the terms "you" and "your" shall refer to this Defendant, him attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

2.    As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.    In accordance with TEX. R. CIV. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.    "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.      "Identify" or "Identification":

(a)      When used in reference to a person, "identify" or "identification" means to state him or her full name, present or last known residence address, present or last known business address and telephone number.

(b)      When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

(c)      When used in reference to a document, "identify" or "identification" shall include statement of the following:

(vii)      the title, heading, or caption, if any, of such document;

(viii)      the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary, to an understanding of the document and evaluation of any claim of protection from discovery;

(ix)      the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(x)      the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(xi)      the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(xii)      the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(vii)      the physical location of the document and the name of its custodian or custodians.

6.      "Settlement": as used herein, means:

(a)      an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any Defendant or between any Defendant herein whereby Plaintiff or

Defendant have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

(b)     any resolution of the differences between the Plaintiff and Defendant by loan to the Plaintiff or any other device which is repayable in whole or in part out of any judgment the Plaintiff may recover against Defendant.

(c)     The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.     The "wreck" as used herein refers to the wreck made the basis of this lawsuit.

Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time beginning with the date of the wreck made the basis of this lawsuit up to and including the present date.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from **August 27, 2020,** through the date of production of responses requested herein.

## REQUESTS FOR ADMISSIONS

1.      Admit that **MANUEL JIMENEZ MARTINEZ** was operating the 2019 Freightliner M2 at the time of the wreck.

**ADMIT OR DENY:**

2.      Admit that you were owner of the vehicle you were driving that was involved in the wreck.

**ADMIT OR DENY:**

3.      Admit that the negligence of **MANUEL JIMENEZ MARTINEZ** proximately caused the wreck.

**ADMIT OR DENY:**

4.      Admit that you are liable for the wreck and injuries which form the basis of this lawsuit.

**ADMIT OR DENY:**

5.      Admit that there was no act or omission on the part of any third person which was the sole and proximate cause of the wreck.

**ADMIT OR DENY:**

6.      Admit that the wreck was not an unavoidable accident.

**ADMIT OR DENY:**

7.      Admit that the wreck was not the result of a sudden and unexpected emergency.

**ADMIT OR DENY:**

8.      Admit that the wreck was not caused solely by an act of God

**ADMIT OR DENY:**

9.      Admit that LYNDSI DIAZ DE LEON AND CARLA MARTINEZ did not commit any act or omissions which constituted negligence which proximately caused the wreck.

**ADMIT OR DENY:**

10.    Admit that you were aware that **MANUEL JIMENEZ MARTINEZ** is a reckless driver.

**ADMIT OR DENY:**

11.    Admit that you were aware that **MANUEL JIMENEZ MARTINEZ** is an incompetent driver.

**ADMIT OR DENY:**

12.    Admit that all vehicles must comply with the DOT "Rules of the Road."

**ADMIT OR DENY:**

13.    Admit that you gave a recorded statement(s) about the wreck.

**ADMIT OR DENY:**

14.    Admit that you took pictures at the scene immediately after the wreck.

**ADMIT OR DENY:**

15.    Admit that you contacted your insurance about the wreck.

**ADMIT OR DENY:**

16.    Admit that your responses herein are truthful.

**ADMIT OR DENY:**

# T H O M A S J H E N R Y

## I N J U R Y   A T T O R N E Y S

A TRIAL FIRM OF MORE THAN 150 ATTORNEYS
REPRESENTING VICTIMS NATIONWIDE FOR MORE THAN 25 YEARS

November 5, 2020

El Paso County Civil District Clerk

    RE:   Lyndsi Diaz De Leon and Carla Martinez vs. Manuel Jimenez Martinez and CNC Logistrics S DE RL DE CV; Cause No.: 2020DCV3563; 243rd Judicial District, El Paso County, Texas

To Whom It May Concern,

    Please see the Petition for the above referenced case that was file stamped on November 4th, 2020. We are needing the citations to be emailed to be served by private process. The citations are for the following:

Manuel Jimenez Martinez
15303 Huebner Rd.
San Antonio, Texas 78248

CNC Logistrics S DE RL DE CV by serving the registered Agent
International Border Trucking Compliance Service Inc.
1519 Wyoming
El Paso, Texas 79902

We are requesting the citations be emailed to:

snguyen-svc@thomasjhenrylaw.com

                    Very truly yours,
                    THOMAS J. HENRY INJURY ATTORNEYS

                    Steven T. Nguyen

# THE STATE OF TEXAS

Filed on November 5, 2020
11:50AM
Norma Favela Barceleau
District Clerk
El Paso County, Texas
Ramirez, Corina

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **CNC LOGISTRICS S DE RL DE CV,** who may be served with process by serving its registered agent **INTERNATIONAL BORDER TRUCKING COMPLIANCE SERVICE INC.,** at **1519 WYOMING, EL PASO, TX  79902** or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition, TRCP 193.7 Notice of Self-Authentication, TRCP 194.2 Requests for Disclosure and Attached Discovery** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **243rd Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 4th day of November, 2020 by Attorney at Law, STEVEN TRUONG NGUYEN, PO BOX 696025 SAN ANTONIO TX  78269, in this case numbered **2020DCV3563** on the docket of said court, and styled:

**LYNDSI DIAZ DE LEON AND CARLA
MARTINEZ
VS.
MANUEL JIMENEZ MARTINEZ AND
CNC LOGISTRICS S DE RL DE CV**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition, TRCP 193.7 Notice of Self-Authentication, TRCP 194.2 Requests for Disclosure and Attached Discovery** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 5th day of November, 2020.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:   NORMA FAVELA BARCELEAU   District Clerk
El Paso County, Texas

By:_____, Deputy

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the

date of delivery endorsed thereon and with a copy of the petition attached thereto."

Corina Ramírez

**RETURN**

Came on hand on _____ day of _____, 20_____, at _____ o'clock _____M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition, TRCP 193.7 Notice of Self-Authentication, TRCP 194.2 Requests for Disclosure and Attached Discovery**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance |
|---|---|---|---|---|---|---|---|
| | MONTH | DAY | YEAR | Hour | Min. | ____.M. | From Court House |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being_____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING _____ copy _____ $ _____   _____ Sheriff

                                             _____   _____ County, Texas

       Total _____ $ _____   by _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____,

_____ on the _____ day of _____,

20_____, at _____o'clock _____m. this copy of this instrument.

                              _____, Sheriff/Agent

                              _____ County, Texas

                              By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20_____.**

             **(SEAL)**

                              _____

                              **NOTARY PUBLIC, STATE OF TEXAS**

Filed on November 5, 2020
11:49AM
Norma Favela Barceleau
District Clerk
El Paso County, Texas
Ramirez, Corina

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:    **MANUEL JIMENEZ MARTINEZ,** who may be served with process at **15303 HUEBNER RD., SAN ANTONIO, TX  78248** or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition, TRCP 193.7 Notice of Self-Authentication, TRCP 194.2 Requests for Disclosure and Attached Discovery** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **243rd Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 4th day of November, 2020 by Attorney at Law, STEVEN TRUONG NGUYEN, PO BOX 696025 SAN ANTONIO TX  78269, in this case numbered **2020DCV3563** on the docket of said court, and styled:

**LYNDSI DIAZ DE LEON AND CARLA MARTINEZ**
**VS.**
**MANUEL JIMENEZ MARTINEZ AND**
**CNC LOGISTRICS S DE RL DE CV**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition, TRCP 193.7 Notice of Self-Authentication, TRCP 194.2 Requests for Disclosure and Attached Discovery** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 5th day of November, 2020.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:   __NORMA FAVELA BARCELEAU__   District Clerk
El Paso County, Texas

By:_____, Deputy
Corina Ramirez

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20_____, at _____ o'clock ____M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition, TRCP 193.7 Notice of Self-Authentication, TRCP 194.2 Requests for Disclosure and Attached Discovery**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | ____.M. | From Court House |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being_____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING _____ copy _____ $ _____   _____ Sheriff

_____   _____ County, Texas

Total _____ $ _____   by _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____,

_____ on the _____ day of _____,

20_____, at _____o'clock ____m. this copy of this instrument.

_____, Sheriff/Agent

_____ County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20_____.**

**(SEAL)**

_____

**NOTARY PUBLIC, STATE OF TEXAS**

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **CNC LOGISTRICS S DE RL DE CV,** who may be served with process by serving its registered agent **INTERNATIONAL BORDER TRUCKING COMPLIANCE SERVICE INC.,** at **1519 WYOMING, EL PASO, TX  79902** or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition, TRCP 193.7 Notice of Self-Authentication, TRCP 194.2 Requests for Disclosure and Attached Discovery** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **243rd Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 4th day of November, 2020 by Attorney at Law, STEVEN TRUONG NGUYEN, PO BOX 696025 SAN ANTONIO TX  78269, in this case numbered **2020DCV3563** on the docket of said court, and styled:

**LYNDSI DIAZ DE LEON AND CARLA**
**MARTINEZ**
**VS.**
**MANUEL JIMENEZ MARTINEZ AND**
**CNC LOGISTRICS S DE RL DE CV**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition, TRCP 193.7 Notice of Self-Authentication, TRCP 194.2 Requests for Disclosure and Attached Discovery** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 5th day of November, 2020.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:   NORMA FAVELA BARCELEAU     District Clerk
El Paso County, Texas

By:_____, Deputy

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

Corina Ramírez

**RETURN**

Came on hand on _____ day of _____, 20_____, at _____ o'clock
_____M., and executed in _____ County, Texas, by delivering to
each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon
the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original
Petition, TRCP 193.7 Notice of Self-Authentication, TRCP 194.2 Requests for Disclosure and
Attached Discovery**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance |
|---|---|---|---|---|---|---|---|
| | MONTH | DAY | YEAR | Hour | Min. | ____.M. | From Court House |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____
_____
The diligence used in finding said defendant, being_____
And the cause of failure to execute this process is: _____
And the information received as to the whereabouts of the said defendant, being _____
FEES—SERVING _____ copy _____ $ _____   _____ Sheriff
                                      _____   _____ County, Texas
          Total _____ $ _____   by _____, Deputy

## CERTIFICATE OF DELIVERY

        I do hereby certify that I delivered to _____,
_____ on the _____ day of _____,
20_____, at _____o'clock ____m. this copy of this instrument.


                              _____, Sheriff/Agent
                              _____ County, Texas
                              By _____, Deputy/Agent


**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20_____.**


        **(SEAL)**

                              _____
                              **NOTARY PUBLIC, STATE OF TEXAS**

## RETURN OF SERVICE

| State of Texas | County of EL PASO | 243rd Judicial District Court |
|---|---|---|

Case Number: 2020DCV3563



BBW2020010125

Plaintiff:
**LYNDSI DIAZ DE LEON AND CARLA
MARTINEZ**

vs.

Defendant:
**MANUEL JIMENEZ MARTINEZ and
CNC LOGISTRICS S DE RL DE CV**

Received by ALESIA C. GRISWOLD on the 5th day of November, 2020 at 3:23 pm to be served on **CNC
LOGISTRICS S DE RL DE CV BY SERVING REGISTERED AGENT: INTERNATIONAL BORDER
TRUCKING COMPLIANCE SERVICE INC.,, 1519 WYOMING, EL PASO, TX 79902.**

I, ALESIA C. GRISWOLD, do hereby affirm that on the **6th day of November, 2020** at **9:40 am, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **CITATION / PLAINTIFF'S ORIGINAL
PETITION,TRCP 193.7 NOTICE OF SELF-AUTHENTICATION,TRCP 194.2 REQUESTS FOR
DISCLOSURE AND ATTACHED DISCOVERY / PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
DEFENDANT MANUEL JIMENEZ MARTINEZ / PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
TODEFENDANT MANUEL JIMENEZ MARTINEZ / PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
TO DEFENDANT MANUEL JIMENEZ MARTINEZ / PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT CNC LOGISTRICS S DE RL DE CV / PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION TO DEFENDANT CNC LOGISTRICS S DE RL DE CV. / PLAINTIFF'S FIRST REQUEST
FOR ADMISSIONS TO DEFENDANT CNC LOGISTRICS S DE RL DE CV.** with the date and hour of
service endorsed thereon by me, to: **Vanessa, Authorized Representative for INTERNATIONAL
BORDER TRUCKING COMPLIANCE SERVICE INC** as **Registered Agent** at the address of: **1519
WYOMING, EL PASO, TX 79902** on behalf of **CNC LOGISTRICS S DE RL DE CV**, and informed said
person of the contents therein, in compliance with state statutes.

"My name is  Alesia Griswold  my date of birth is 7/23/1960  and my address is 975 Gloria St., El Paso, TX
79907.  I declare under penalty of perjury that the foregoing is true and correct.  Executed in El Paso
County, State of Texas on the ___17+n___ Day of _November_, 2020, Alesia Griswold  declarant."

**ALESIA C. GRISWOLD**
PSC- 9865  EXP.9/30/22

**Pronto Process
1406 W Salinas
San Antonio, TX 78207
(210) 226-7192**

Our Job Serial Number: BBW-2020010125

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1x

Norma Favela Barceleau
District Clerk
El Paso County
2020DCV3563

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS

243RD JUDICIAL DISTRICT

| | | |
|---|---|---|
| LYNDSI DIAZ DE LEON; and, CARLA MARTINEZ | § § § | |
| Plaintiffs, | § § | |
| v. | § § | **Cause No. 2020-DCV3563** |
| MANUEL JIMENEZ MARTINEZ; and CNC LOGISTICS SA DE RL DE CV, | § § § | |
| Defendants. | § § | |

### DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** CNC LOGISTICS SA DE RL DE CV, a Defendant in the above-entitled and numbered cause, and files its Original Answer in reply to Plaintiff's Original Petition, and for answer says:

I.

Pursuant to Tex. R. Civ. P. 92, Defendant enters its general denial as to Plaintiff's Petition and demands strict proof thereof.

II.

Defendant would show that Plaintiff LYNDSI DIAZ DE LEON'S contributory negligence and/or negligence *per se* was the proximate cause, sole proximate cause or a new independent cause of the occurrence in question, and all of Plaintiffs' alleged damages and injuries, if any.

III.

Defendant seeks contribution over and against Plaintiff LYNDSI DIAZ DE LEON for all of her passenger's alleged damages and injuries, if any.

IV.

Defendant would show that all or part of Plaintiff's claims are barred by Tex. Civ. Prac. & Rem. Code Ann. §41.0105 since Plaintiff may only recover medical expenses actually paid or incurred.

V.

Defendant would show that all or part of Plaintiff's alleged claims are barred by Tex. Civ. Prac. & Rem. Code Ann. § 18.091, since any evidence of wages or economic damages must be presented in an after-tax format.

VI.

Defendant would show that Plaintiff has failed to mitigate her alleged damages and injuries, if any, as that term is defined and understood by law.

VII.

With regard to any allegation of punitive or exemplary damages, Defendant invokes all caps and limitations set forth in Tex. Civ. Prac. & Rem. Code Ann. § 41.008 *et. seq.* Defendant would further show that the imposition of exemplary or punitive damages against Defendant would violate Defendant's rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and other similar provisions of the Texas State Constitution. Defendant further objects to the assessment of any pre-judgment interest on any award of exemplary damages, or to being responsible for any exemplary damages not awarded against this specific Defendant pursuant to Tex. Civ. Prac. & Rem. Code Ann. §§ 41.006-007.

VIII.

Defendant requests trial by jury and reserves the right to amend.

2

0013463-00193/DVER/1564612

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that upon final hearing that it be discharged and allowed to go hence without day and with its costs and that the Court grant Defendant such other and further relief, general or special, legal or equitable, to which Defendant may be justly entitled.

Respectfully submitted,

**MOUNCE, GREEN, MYERS
SAFI, PAXSON & GALATZAN, P.C.**
P.O. Drawer 1977
El Paso, Texas  79950-1977
Phone:  (915) 532-2000
Fax:    (915) 541-1597
E-Mail:  vereen@mgmsg.com
E-Mail:  hutterer@mgmsg.com

By: _____
    **Darryl S. Vereen**
    State Bar No. 00785148
    **Frederick C. Hutterer, III**
    State Bar No. 24109059

Attorneys for Defendant
CNC Logistics SA de RL de CV

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I, **Darryl S. Vereen**, hereby certify that on the 24 day of November, 2020, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21a (f)(1) is served on the following parties or attorney(s): Steven T. Nguyen, Esq., snguyen-svc@thomasjhenrylaw.com, Thomas J. Henry, P.O. Box 696025, San Antonio, Texas 78269.

_____
**Darryl S. Vereen**

0013463-00193/DVER/1564612